1   David T. Biderman, Bar No. 101577
    DBiderman@perkinscoie.com
2   PERKINS COIE LLP
    1888 Century Park E., Suite 1700
3   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
4   Facsimile:   310.843.1284

5   Charles Sipos, WA Bar No. 32825
    *pro hac vice forthcoming*
6   Lauren Watts Staniar, WA Bar No. 48741
    *pro hac vice forthcoming*
7   csipos@perkinscoie.com
    lstaniar@perkinscoie.com
8   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
9   Seattle, WA  98101
    Telephone:  206.359.8000
10  Facsimile:   206.359.9000

11  Attorneys for General Mills, Inc.; General Mills
    Sales, Inc.; Mccann-Erickson USA, Inc.; Saatchi &
12  Saatchi North America, Inc.; Warner Bros.
    Entertainment, Inc.; Universal City Studios LLC;
13  Viacom International Inc.; Lucasfilm Ltd, LLC

14
                    UNITED STATES DISTRICT COURT
15
                   SOUTHERN DISTRICT OF CALIFORNIA
16

17  CRYSTAL HILSLEY, on behalf of          Case No. '18CV0395 L     BLM
    herself and all others similarly situated,
18                                          **DEFENDANT'S NOTICE OF**
                                            **REMOVAL**
19                   Plaintiff,
                                            [Complaint filed December 5, 2017
20        v.                                and removed from the Superior Court
                                            of the State of California in and for
21  GENERAL MILLS, INC.;                    the County of San Diego, Case
    GENERAL MILLS SALES, INC.;              No. 37-2017-00046914-CU-BT-CTL]
22  MCCANN-ERICKSON USA, INC.;
    SAATCHI & SAATCHI NORTH                 *[Declaration of Curt Assmann in*
23  AMERICA, INC.;                          *support thereof filed concurrently with*
    WARNER BROS.                            *this notice]*
24  ENTERTAINMENT, INC.;
    UNIVERSAL CITY STUDIOS LLC;
25  VIACOM INTERNATIONAL INC.;
    LUCASFILM LTD, LLC;
26  SANRIO COMPANY LTD.;

27                   Defendants.

28

138491020.2                      -1-                    NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, defendants GENERAL MILLS, INC.; GENERAL MILLS SALES, INC. (hereinafter "General Mills"); MCCANN-ERICKSON USA, INC.; SAATCHI & SAATCHI NORTH AMERICA, INC. (hereinafter "Advertising Defendants"); WARNER BROS. ENTERTAINMENT, INC.; UNIVERSAL CITY STUDIOS LLC; VIACOM INTERNATIONAL INC.; LUCASFILM LTD, LLC (hereinafter "In-State Defendants") (collectively, "Removing Defendants") hereby remove to this Federal Court the state court action described below.

## I.     THE STATE COURT ACTION

On December 5, 2017, Plaintiff Crystal Hilsley commenced this case in the Superior Court of California in and for the County of San Diego, tilted *Crystal Hilsley, on behalf of herself and all others similarly situated v. General Mills, Inc.; General Mills Sales, Inc.; Mccann-Erickson USA, Inc.; Saatchi & Saatchi North America, Inc.; Warner Bros. Entertainment, Inc.; Universal City Studios LLC; Viacom International Inc.; Lucasfilm Ltd, LLC; Sanrio Company Ltd.*; Case No. 37-2017-00046914-CU-BT-CTL. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint filed in that action is attached hereto as **Exhibit 1**. Plaintiff served Defendants General Mills, Inc. and General Mills Sales, Inc. with a copy of the Complaint and Summons from the Superior Court on January 23, 2018. Plaintiff served the remaining defendants shortly thereafter. A copy of the Summonses are attached hereto as **Exhibits 3 & 4**.

The Complaint alleges six causes of action against Defendants: (1) California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; (2) California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (unlawful prong); (3) California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (unfair prong); (4) California False Advertising Law, Cal. Bus. & Prof. Code

§§ 17500, *et seq.*; (5) breach of express warranty; and (6) breach of implied warranty. Ex. 1 (Compl.) ¶¶ 129–95. All six claims arise out of General Mills' alleged mislabeling of twelve varieties of Fruit Flavored Snacks that bear images licensed to General Mills (the snacks' manufacturer and distributor) by the In-State Defendants. *Id.* ¶ 20–43, 88–89.[1]

Plaintiff brings this action as a putative class action. *See, e.g.*, *id.* ¶ 115. She seeks to represent a class of "[a]ll California citizens who purchased the products in California on or after January 1, 2012 . . . ." *Id.* ¶ 116. Plaintiff alleges that the members of the putative class number "at minimum in the tens or hundreds of thousands." *Id.* ¶ 119.

Plaintiff seeks, among other things, the following forms of relief: (1) "[a]n order requiring Defendant to disgorge any benefits received from Plaintiff and the Class"; (2) "an order requiring Defendants to pay restitution and damages to Plaintiff and Class members"; (4) "[a]n award of punitive damages in an amount to be proven at trial"; and (3) injunctive relief. Compl. at 24–25.

## II.    GROUNDS FOR REMOVAL

### A.    This Action Is Removable Under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in

---

[1] Per the Complaint, the products at issue are: Scooby-Doo Fruit Flavored Snacks, Despicable Me Fruit Flavored Snacks, Star Wars Fruit Flavored Snacks, Dora the Explorer Fruit Flavored Snacks, Hello Kitty Fruit Flavored Snacks, DC Superhero Girls Fruit Flavored Snacks, Shark Bites Fruit Flavored Snacks, SpongeBob Fruit Flavored Snacks, Trolls Fruit Flavored Snacks, Teenage Mutant Ninja Turtles Fruit Flavored Snacks, El Chavo Fruit Flavored Snacks, Thomas and Friends Fruit Flavored Snacks.

which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Curt Assmann, these requirements are met here.

### 1. This Is a Putative Class Action in Which the Aggregate Number of Members Is 100 or More

This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action under section 382 of the California Code of Civil Procedure, Compl. at ¶ 115, which authorizes "one or more [to] sue . . . for the benefit of all" when "the question is one of common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court," Cal. Civ. Pro. § 382. The requirements of class certification under § 382 "parallel those of Fed. R. Civ. P. 23." *Vigil v. Naturals*, 2016 WL 6806206, at *3 (C.D. Cal. Nov. 17, 2016).

Likewise, as Plaintiff alleges, the putative class contains 100 or more members. *See* Compl. ¶ 119 ("[T]he Class numbers at minimum in the tens or hundreds of thousands.").

### 2. The Amount in Controversy Exceeds $5,000,000

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where, as here, the plaintiff does not allege an amount in controversy in the complaint, "a defendant can establish the amount in controversy by an unchallenged, plausible

assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). If defendant's assertions are challenged, it bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). Defendant may submit this evidence in opposition to plaintiff's motion to remand. *Id.* at 554.

Here, Plaintiff's request for damages places far more than $5,000,000 in controversy.[2] *See* Compl. at 24–25. Plaintiff seeks an order from this court "requiring Defendants to pay restitution and damages to Plaintiff and class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts." *Id.* Plaintiff also seeks punitive damages. *Id.* at 24. Plaintiff alleges that she and class members "would not have purchased the Product in the absence of Defendants' misrepresentations and omissions," *id.* ¶ 107, meaning Defendants could be liable for the entire amount California consumers spent on the Fruit Flavored Snacks during the Class Period, and more in the case of punitive damages. As detailed in the declaration of Curt Assmann filed in support of this Notice of Removal, Defendants sold more than $20 million worth of the Fruit Flavored Snacks in California between December 5, 2013 and December 5, 2017 ("Class Period"). Assmann Decl. ¶ 6; *Hunter v. Nature's Way Prods., LLC*, 2016 WL 4262188, at *11 (S.D. Cal. Aug. 12, 2016) (explaining that the "statute of limitations for actions under FAL or CLRA is three years" and "[t]he statute of limitations for UCL or breach of warranty claims is four years"). Even if Plaintiff claims only a fraction of these total sales, *see* Compl. ¶ 110, the amount in controversy still exceeds $5,000,000, and CAFA jurisdiction is proper.

### 3.    The Parties Are Minimally Diverse

The parties are minimally diverse because "any member of [the class] of

---

[2] Defendants dispute that Plaintiff is entitled to any relief.

1  plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.
2  § 1332(d)(2)(A).

3          Plaintiff Crystal Hilsley is a citizen of California who resides—and on
4  information and belief is domiciled—in San Diego County, California. Compl. ¶ 44
5  ("Plaintiff Crystal Hilsley is a resident and citizen of San Diego County."); *see Rice*
6  *v. Thomas*, 64 F. App'x 628, 628–29 (9th Cir. 2003) (explaining that an individual
7  is domiciled in a place if she resides and has an intent to stay there). Plaintiff also
8  seeks to represent a class of California consumers. Compl. ¶ 116. It is reasonable to
9  assume that at least one of these consumers is domiciled in California.

10         Several Defendants are not citizens of California. General Mills is
11 incorporated under the laws of Delaware, and its principal place of business is in
12 Minneapolis, Minnesota. *See* Compl. ¶¶ 20, 23; *see Albino v. Standard Ins. Co.*,
13 349 F. Supp. 2d 1334, 1337 (C.D. Cal. 2004) (for purposes of diversity jurisdiction,
14 "[a] corporation is a citizen both of the state where it was incorporated and the state
15 where it has its primary place of business"). Thus, at least one (and in fact several)
16 Defendant is a citizen of different states from at least one Plaintiff, and CAFA's
17 minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

18 **B.     CAFA's Local Controversy Exception Does Not Bar Removal.**[3]

19         Plaintiff alleges that "[t]he Federal courts do not have jurisdiction over the
20 subject matter presented by this Complaint because this action is a 'local
21 controversy' under the Class Action Fairness Act." Compl. ¶ 2 (citing 28 U.S.C.
22 § 1332(d)(4)(A)). That is incorrect.

23         CAFA's local controversy exception—28 U.S.C. § 1332(d)(4)(A)—requires
24 a federal court to decline jurisdiction over a class action when "greater than two-
25 thirds of the members of all proposed plaintiff classes in the aggregate are citizens

26 ─────────────
[3] None of CAFA's other exceptions bar removal. 28 U.S.C. sections 1332(d)(9) and 1453(d) are not impediments to
27 removal here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act
of 1934, nor do they involve state-centric corporate governance issues. Likewise, Defendants are not "States, State
28 officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."
Section 1332(d)(5)(A) therefore does not preclude this Court's jurisdiction.

of the State in which the action was originally filed," and at least one defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). "The local controversy exception to CAFA jurisdiction is a narrow exception, and Plaintiffs bear the burden of showing its application." *Allen v. Boeing (Allen II)*, 821 F.3d 1111, 1116 (9th Cir. 2016).

Plaintiff fails to meet this burden here because the In-State Defendants' conduct does not form a significant basis of the claims asserted.[4] The Ninth Circuit uses a comparative approach for determining whether the conduct of an in-state defendant forms a "significant basis" for plaintiff's claims. *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015) ("To determine if the 'basis for the claims' against [an in-state defendant] is important or fairly large in amount or quantity, we compare the allegations against [the in-state defendant] to the allegations made against other Defendants.").

Here, Plaintiff alleges that Defendants manufactured, labeled, and distributed the Fruit Flavored Snacks in violation of state law, causing her harm. Compl. ¶¶ 15, 18. She also alleges that General Mills, Inc. "is the actual Product manufacturer," and that General Mills Sales, Inc., "is the actual Product distributor." *Id.* ¶¶ 20, 22. Both General Mills, Inc., and General Mills Sales, Inc., are Delaware corporations with their principal places of business in Minnesota. *Id.* Plaintiff does not allege that the In-State Defendants—who merely licensed images to General Mills for display on the Fruit Flavored Snacks—played any significant part in manufacturing, labeling, or distributing the products. Instead, Plaintiff allege that the in-state Defendants are liable for General Mills's alleged wrongdoing under

---

[4] Plaintiffs likewise do not allege that they seek "significant relief" from the In-State Defendants. Plaintiff seeks damages from all Defendants, but fails to specify what, if any, relief will flow directly from the In-State Defendants. Compl. at 24–25; *see Benko v. Quality Loan Serv. Corp*, 789 F.3d 1111, 1119 (9th Cir. 2015) ("To determine if the Plaintiffs claim 'significant relief' from [the in-state defendant] we look to the remedies requested by the Plaintiffs in the" Complaint.).

theories of enterprise or apparent-manufacturer liability. *Id.* ¶¶ 28–39. But this is insufficient to satisfy the "significant basis" prong. *See Evans v. Walters Indus., Inc.*, 449 F.3d 1159, 1167 n.7 (11th Cir. 2006) (holding that plaintiff would not satisfy the significant defendant test by pleading joint and several liability); *Aana v. Pioneer Hi-Bred Int'l, Inc.*, 2012 WL 3542503, at *3 (D. Haw. July 24, 2012) ("the mere fact that plaintiffs seek joint and several liability does not establish the significant basis criterion").[5] For this reason, CAFA's local controversy exception does not bar removal.

## C. Venue and Intra-district Assignment Are Proper.

The Southern District of California is the proper venue for this action upon removal because this district embraces the California Superior Court, County of San Diego, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

## D. Defendants Have Satisfied All Other Requirements of the Removal Procedure

This Notice of Removal is timely filed. General Mills was served with a copy of the Complaint and Summons on January 23, 2018. Defendants filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Defendants are being filed herewith. Copies of the Complaint, the Civil Case Cover Sheet; Summonses; Notice of Assignment and Case Management Conference; and Notice to Filing Party are attached hereto as **Exhibits 1–6**. No other pleadings have been filed to date in this matter in the San Diego County Superior Court. A true and correct copy of the state court's docket is attached hereto as **Exhibit 7**.

---

[5] For the same reason, this Court may not decline jurisdiction over this case under 28 U.S.C. § 1332(d)(3) (permitting a district court to decline jurisdiction over "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and *the primary defendants* are citizens of the State in which the action was originally filed . . . .").

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), Defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

## III.   RESERVATION OF RIGHTS AND DEFENSES

Defendants expressly reserve all of their defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendants' defenses. *See, e.g.*, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV.   CONCLUSION

WHEREFORE, Defendants request that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from San Diego County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED: February 21, 2018          PERKINS COIE LLP


By: */s/ David T. Biderman*
    David T. Biderman, Bar No. 101577
    DBiderman@perkinscoie.com
    Charles Sipos, *pro hac vice* pending
    CSipos@perkinscoie.com
    Lauren Watts Staniar
    lstaniar@perkinscoie.com

    Attorneys for Removing Defendants

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11988 El Camino Real Suite 350, San Diego, CA 92130. On February 21, 2018, I deposited with Federal Express, a true and correct copy of the within documents:

### NOTICE OF REMOVAL AND EXHIBITS

### DECLARATION OF CURT ASSMANN IN SUPPORT OF REMOVAL

in a sealed envelope, addressed as follows:

David Elliot
THE ELLIOT LAW FIRM
3200 Fourth Avenue, Suite 207
San Diego, California 92103

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 21, 2018, at San Diego, California.

_____

Ann E. Ridyard