# Exhibit 1

Exhibit 1

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/05/2017** at 04:32:55 PM

Clerk of the Superior Court
By Erika Engel, Deputy Clerk

1
2
3
4

THE ELLIOT LAW FIRM
DAVID ELLIOT (270381)
3200 Fourth Avenue, Suite 207
San Diego, CA 92103
Telephone:  (619) 468-4865

5   *Attorneys for Plaintiff*

6

7   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8   **IN AND FOR THE COUNTY OF SAN DIEGO**

9

10

11   CRYSTAL HILSLEY,

12

13     on behalf of herself and all others
    similarly situated,

14                    Plaintiffs,

15            v.

16

17   GENERAL MILLS, INC.;

18   GENERAL MILLS SALES, INC.;
    MCCANN-ERICKSON USA, INC.;

19   SAATCHI & SAATCHI NORTH
    AMERICA, INC.;

20   WARNER BROS.
    ENTERTAINMENT, INC;

21   UNIVERSAL CITY STUDIOS LLC;

22   VIACOM INTERNATIONAL INC.;

23   LUCASFILM LTD. LLC;

24   SANRIO COMPANY LTD.;

25                    Defendants.

26

27

28

Case No:_37-2017-00046914-CU-BT-CTL_____

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF:**

**1. CONSUMERS LEGAL REMEDIES ACT,**
   **CAL. CAL. CIV. CODE §§1750** *et seq.*
**2. UNFAIR COMPETITION LAW,**
   **CAL. BUS. & PROF. CODE §§17200** *et seq.*
   (*unlawful prong*)
**3. UNFAIR COMPETITION LAW,**
   **CAL. BUS. & PROF. CODE §§17200** *et seq.*
   (*unfair prong*)
**4. FALSE ADVERTISING LAW,**
   **CAL. BUS. & PROF. CODE §§17500** *et seq.*
**5. BREACH OF EXPRESS WARRANTY**
**6. BREACH OF IMPLIED WARRANTY**

**DEMAND FOR JURY TRIAL**

# **TABLE OF CONTENTS**

I.  JURISDICTION AND VENUE ............................................................. 1

II.  NATURE OF THE ACTION .............................................................. 2

III.  PARTIES ............................................................................ 3

IV.  FACTUAL ALLEGATIONS ............................................................ 6

Defendants Do Not Disclose That the Products Contain Artificial Flavors. ...................... 6

Defendants' Competitors Label Their Products Lawfully. .................................... 11

Plaintiff's and Class Purchases of the Product ............................................ 12

V.  DELAYED DISCOVERY ............................................................... 14

VI.  CLASS ACTION ALLEGATIONS ...................................................... 14

VII.  CAUSES OF ACTION ............................................................... 17

    First Cause of Action: Violation of the CLRA ..................................... 17

    Second Cause of Action: Violation of the UCL, Unlawful Prong ..................... 18

    Third Cause of Action: Violation of the UCL, Unfair Prong ........................ 19

    Fourth Cause of Action: Violation of False Advertising Law ....................... 21

    Fifth Cause of Action: Breach of Express Warranty ............................... 22

    Sixth Cause of Action:  Breach of Implied Warranty ............................. 22

VIII.  PRAYER FOR RELIEF ............................................................. 24

IX.  JURY DEMAND ..................................................................... 25

CLASS ACTION COMPLAINT

Crystal Hilsley ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, hereby brings this action against General Mills, Inc., General Mills Sales, Inc., McCann-Erickson USA, Inc., Saatchi & Saatchi North America, Inc., Warner Bros. Entertainment, Inc., Universal City Studios LLC, Viacom International Inc., Lucasfilm Ltd. LLC, and Sanrio Company Ltd. (Japan)   (collectively, "Defendants"), and upon information and belief and investigation of counsel, alleges as follows:

## I.   <u>JURISDICTION AND VENUE</u>

1.   Plaintiff brings this action pursuant to California's Code of Civil Procedure § 382 and Cal. Civ. Code § 1781. This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code § 410.10. The amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds the minimum jurisdictional amount for this Court.

2.   The Federal courts do not have jurisdiction over the subject matter presented by this Complaint because this action is a "local controversy" under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005). 28 U.S.C. § 1332(d)(4)(A).

3.   Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of California, the state in which this class action is filed.

4.   Three named defendants are defendants from whom significant relief is sought by members of the plaintiff class, are defendants whose conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and are citizens of California, the state in which the action is filed.

5.   The principal injuries to every member of the Class resulting from the conduct alleged of each defendant were incurred in California, the state in which the action is filed.

6.   During the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

7.   Plaintiff is a citizen of California.

8.     This Court has both general and specific personal jurisdiction over Defendants, as each has affirmatively established and maintained contacts with the State of California.

9.     This Court further has personal jurisdiction arising from each Defendant's decision to advertise and sell the Products in California or to engage in an enterprise to advertise, market, and sell the Products in California.

10.    Defendants have sufficient minimum contacts with this State and sufficiently avail themselves of the markets of this State through the promotion, sales, and marketing of the Products within the State to render the exercise of jurisdiction by this Court reasonable.

11.    Venue is proper in this County because Defendants conduct business here, engage in substantial transactions in this County, and many of the transactions complained of herein occurred in this County including specifically the transactions between Plaintiff and Defendants and many of the transactions between Defendants and the Class.

## II.    <u>NATURE OF THE ACTION</u>

12.    This is a California consumer class action for violation of California consumer protection laws.

13.    Defendants manufacture, package, label, distribute, advertise, license, market, and sell a variety of fruit-flavored sugary snack products – candies, in effect – that are molded to resemble, marketed, and labeled under the likenesses of popular children's movie and television characters (the "Products").

14.     The Products include fruit-flavored candies named and modeled after, for example, the children's television cartoon characters Scooby-Doo and Dora the Explorer and movie characters from the popular Despicable Me and Star Wars franchises. A complete list of the Products included herein is shown in Table 1 in paragraph 88, below.

15.    The Products' labeling and advertising is false and misleading and the Products are misbranded under California law.

CLASS ACTION COMPLAINT

16.     The Products are labeled as if they contain only natural ingredients and are flavored only with natural ingredients when the Products in fact contain undisclosed artificial flavors in violation of state and federal law.

17.     Defendants' packaging, labeling, and advertising scheme is intended to give California consumers the impression that they are buying a premium, 'all natural' product with natural flavoring ingredients instead of a product that is artificially flavored.

18.     Plaintiff, who was deceived by Defendants' unlawful conduct and purchased the Products in California, brings this action on her own behalf and on behalf of California consumers to remedy Defendants' unlawful acts.

19.     On behalf of the Class as defined herein, Plaintiff seek an order compelling Defendants to, *inter alia*: (1) cease packaging, distributing, advertising and selling the Products in violation of U.S. FDA regulations and California consumer protection law; (2) re-label or recall all existing deceptively packaged Products; (3) conduct a corrective advertising campaign to fully inform California consumers; (4) award Plaintiff and other Class-members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, and attorney fees.

### III.    PARTIES

20.     Defendant General Mills, Inc. ("General Mills") is the actual Product manufacturer.  General Mills is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

21.     General Mills is registered with the California Secretary of State to do business in California under entity number C0132672.

22.     Defendant General Mills Sales, Inc. ("GM Sales") is the actual Product distributor. GM Sales is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

23.     GM Sales is registered with the California Secretary of State to do business in California under entity number C1969122.

24.     Defendant McCann-Erickson USA, Inc. (McCann) is the principal

3

advertising agency responsible for the false and misleading Product labels during part of the Class Period.

25.     McCann is a Delaware corporation with principal place of business in New York, New York, registered to do business in California as entity number C0407026.

26.     Defendant Saatchi & Saatchi North America, Inc. ("Saatchi") was the principal advertising agency responsible for the false and misleading Product labels during part of the Class Period.

27.     Saatchi is a Delaware corporation with principal place of business in New York, New York, registered to do business in California as entity number C1529492.

28.     Defendant Warner Bros. Entertainment, Inc. ("Warner Bros.") licenses the Scooby-Doo character to General Mills.

29.     Due to the pervasive presence of this character in the Product's marketing and labeling, Warner Bros. is alleged under California law to have both enterprise and apparent-manufacturer liability for the Scooby-Doo-likeness Product.

30.     Defendant Warner Bros. is a Delaware corporation with principal place of business in Burbank, California. Warner Bros. is registered to do business in California under entity number C2498136.

31.     Defendant Universal City Studios LLC ("Universal") licenses Despicable Me characters to General Mills.

32.     Due to the pervasive presence of these characters in the Product's marketing and labeling, Universal is alleged under California law to have both enterprise and apparent-manufacturer liability for the Despicable Me characters-likeness Product.

33.     Defendant Universal is a Delaware corporation with principal place of business in Universal City, California. Universal is registered to do business in California under entity number 201104710383.

34.     Defendant Viacom International Inc. ("Viacom") licenses the Dora the Explorer characters to General Mills.

35.     Due to the pervasive presence of these characters in the Product's marketing,

Viacom is alleged under California law to have both enterprise and apparent-manufacturer liability for the Dora the Explorer character-likeness Product.

36.    Defendant Viacom is a Delaware corporation with principal place of business in New York, New York. Viacom is registered to do business in California under entity number C2811334.

37.    Defendant Lucasfilm Ltd. LLC ("Lucasfilm") licenses the Star Wars likeness characters to General Mills.

38.    Due to the pervasive presence of these characters in the Product's marketing, Lucasfilm is alleged under California law to have both enterprise and apparent-manufacturer liability for the Star Wars characters-likeness Product.

39.    Defendant Lucasfilm is a California Limited Liability Company with principal place of business at Burbank California and registered to do business in California under entity number 201235310073.

40.    Defendant Sanrio Company Ltd. (Japan) ("Sanrio") licenses the Hello Kitty character to General Mills.

41.    Due to the pervasive presence of these characters in the Product's marketing, Sanrio is alleged under California law to have both enterprise and apparent-manufacturer liability for the Hello Kitty character-likeness Product.

42.    Sanrio is a Japanese Limited Liability Company with principal place of business in Tokyo, Japan.

43.    Defendants manufacture, package, label, advertise, distribute, license, and sell the Products in California and throughout the United States.

44.    Plaintiff Crystal Hilsley is a resident and citizen of San Diego County, California, and purchased several varieties of the Products multiple times in San Diego and southern California for personal and household consumption.

CLASS ACTION COMPLAINT

## IV.   FACTUAL ALLEGATIONS

### Defendants Do Not Disclose That the Products Contain Artificial Flavors.

45.   The Products all contain artificial flavors but Defendants do not disclose this to consumers; they label and advertise the Products as if they were only naturally-flavored.

46.   Below is a true and accurate representation of the front-of-package labeling of one of the Products, taken from Defendants' promotional advertising for the Products.



47.   The Product's label claims that it contains "*NO ARTIFICIAL FLAVORS*".

48.   This is false.

49.   The Products all contain a synthetic flavoring chemical identified in the ingredient list as "malic acid."

50.   This "malic acid" is a synthetic petrochemical that confers a "tart, fruit-like" flavor and simulates the flavor of actual fruit.

51.   The Products' labels violate California law in multiple regards.

6

52.     First, because the Products contain artificial flavoring ingredients that simulate and reinforce the characterizing flavor, the front label is required by law to disclose those additional flavors rather than state, as it does, that the Products are naturally flavored. Cal. Health & Saf. Code §109875 *et seq*, (Sherman Law), incorporating 21 CFR 101.22.[1]

53.     The Products' labels state that they are "Naturally Flavored". By operation of California law, this label falsely informs consumers that the Product is flavored <u>only</u> with natural ingredients.

54.     Further, the Products' ingredient list violates state and Federal law because it misleadingly identifies the malic acid ingredient only as the generic "malic acid" instead of using the specific, non-generic name of the ingredient.  *See* 21 CFR 101.4(a)(1).

55.     Far more deceptive, however, is the fact that the Products claim on the label that they contain "*NO ARTIFICIAL FLAVOR*".

56.     The Products all contain an artificial flavor made from petrochemicals.

57.     Defendant General Mills includes the industrial chemical d-l malic acid[2] in the Products, in a racemic mixture of d- and l-isomers.  This ingredient helps make the Products – which are over 50% corn syrup and sugar – taste more like fruit.

58.     This 'malic acid' is not a naturally-occurring compound but is in fact manufactured in petrochemical plants from benzene or butane—components of gasoline and lighter fluid, respectively—through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

59.     Both the natural and unnatural forms of malic acid are considered GRAS

---

[1] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Saf. Code §109875 *et seq*, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. An act or omission that would violate an FDCA regulation necessarily therefore violates California's Sherman Law. *Id*. at §110100. Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

7

(generally recognized as safe) for use as flavorings; the d-malic acid form, however, has never been thoroughly studied for its health effects in human beings.

60.     Both forms provide a "tart, fruity" flavor when added to food products.[3]

61.     Defendants use the artificial form, d-l malic acid, but pretend otherwise, conflating the natural and the artificial flavorings and deceiving consumers.

62.     Because the Products contain an artificial flavoring chemical, federal and state law require both front- and back-label disclosures to inform consumers.

63.     They have neither.

64.     The labels in fact falsely advertise "NO ARTIFICIAL FLAVORS".

65.     California law, incorporating U.S. Food, Drug, and Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors. 21 C.F.R. 102.5(a).

66.     Under FDA regulations, a recognizable primary flavor identified on the front label of a food Products are referred to as a "characterizing flavor".  21 CFR 101.22.

67.     FDA regulations and California law hold that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then such flavor is considered the "characterizing flavor." 21 C.F.R. 101.22(i).

68.     "Fruit-flavored" is a primary recognizable flavor identified on the Products' front labels. This is therefore a characterizing flavor under California law.

69.     If a product's characterizing flavor is not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both of natural or artificial flavorings. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." 21

---

[3] https://thechemco.com/chemical/malic-acid/; visited 04/12/17.

CLASS ACTION COMPLAINT

C.F.R. 101.22(i) (3), (4).

70.     A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . .  and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." 21 C.F.R. 102.5(c).

71.     Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id*.

72.     The Products' synthetic d-l malic acid simulates, resembles, and reinforces the characterizing fruit flavor for the Products.

73.     Under these regulations, Defendants were required to display prominently on the Products' front labels a notice sufficient to allow California consumers to understand that the Products contained artificial flavoring.

74.     Defendants failed to do so, deceiving consumers and violating California law.

75.     Accordingly, Plaintiff was unaware that the Products contained artificial flavoring when she purchased them.

76.     When purchasing the Products, Plaintiff was seeking a product of particular qualities, one that was flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

77.     Plaintiff is not alone in these purchasing preferences. As reported in Forbes Magazine, 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]—from Generation Z to Baby Boomers—say they would pay more" for such products, specifically including foods with no artificial flavors.[4]

---

[4] "Consumers Want Healthy Foods]—And Will Pay More For Them"; Forbes Magazine, February 15, 2015. https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5 (visited April 7, 2017.)

CLASS ACTION COMPLAINT

78.   Defendant General Mills itself recently conducted a consumer survey and found that "more than 50 percent of people eating fruit flavored snacks today said they would be more likely to buy them <u>if artificial flavors</u> and colors from artificial sources <u>were removed</u>."[5]

79.   Defendants thereupon began advertising the Products as having "*No Artificial Flavors*" – they didn't remove the artificial flavor, they just didn't disclose it to consumers.

80.   California's Health & Safety Code states that "Any food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact."  Cal. Health & Saf. Code §110740.

81.   California law required Defendants to include sufficient notice on the Products' labels to alert California consumers that the Products are artificially flavored.

82.   Defendants failed to do so.

83.   Because the Products violated California labeling law, they were misbranded when distributed or offered for sale in California.

84.   Accordingly, Defendants' misbranded Products were illegal to distribute or sell in California. Cal. Health & Safety Code §110740; §110760; §110765.

85.   Plaintiff and the Class lost money as a result of Defendants' conduct because they were induced to purchase Products that contained undisclosed artificial flavors and to pay a price premium for those Products.

86.   John Compton, the CEO of a competing snack food manufacturer, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating, "We have talked extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be all natural."

87.   Defendants' labeling and advertising reflects those consumer preferences –

---

[5] https://blog.generalmills.com/2015/08/a-natural-move-for-fruit-flavored-snacks/?_ga=2.178513316.1841148333.1512350752-1902063439.1511230850; (last visited December 3, 2017).

not by making the Products solely with natural ingredients, but instead by concealing the fact that the Products are artificially flavored.

88.     Table 1, below, lists the Products included in this Action.

Table 1:  The Products[6]

| | |
|---|---|
| Scooby-Doo Fruit Flavored Snacks | Shark Bites Fruit Flavored Snacks |
| Despicable Me Fruit Flavored Snacks | SpongeBob Fruit Flavored Snacks |
| Star Wars Fruit Flavored Snacks | Trolls Fruit Flavored Snacks |
| Dora The Explorer Fruit Flavored Snacks | Teenage Mutant Ninja Turtles Fruit Flavored Snacks |
| Hello Kitty Fruit Flavored Snacks | El Chavo Fruit Flavored Snacks |
| DC Superhero Girls Fruit Flavored Snacks | Thomas and Friends Fruit Flavored Snacks |

89.     Each of these Products contains the artificial flavoring chemical d-l malic acid but promises "*NO ARTIFICIAL FLAVORS*" on the package label. Each is therefore falsely and deceptively labeled and advertised and misbranded under California law.

90.     Each of these Product's labels deceived consumers into paying a price premium for an artificially-flavored product that was worth less than the naturally-flavored product promised by the labels.

**Defendants' Competitors Label Their Products Lawfully.**

91.     Defendants not only deceive consumers but also gain an unfair commercial advantage in the marketplace by labeling the Products deceptively.

92.     Manufacturers of competing products label their products lawfully.

93.     Welch's and Kellogg, for example, lawfully label their artificially-flavored fruit snacks as "Artificially Flavored."

---

[6] General Mills, the actual Product manufacturer, also marks each Product with the Betty Crocker trademark. This mark, however, is nearly imperceptible on the Product packages; it appears nowhere on the Products' principal display panels and instead is entirely dominated by the character likeness reflecting each Product's name, as shown in Paragraph 40, above.

CLASS ACTION COMPLAINT

94.   Other competing major manufacturers, offering products whose labels suggest, as Defendants' do, that their products are naturally flavored truly are flavored only with natural ingredients.

95.   Defendants, however, conceal their use of artificial flavoring, deceiving consumers, illegally cutting costs and increasing profits, and competing unfairly and unlawfully in the marketplace, hurting their competitors as well as consumers.

96.   Defendants' conduct injures competing manufacturers that do not engage in the same illegal behavior. These manufacturers compete for market share and limited shelf space, as well as for consumers' buying preferences and dollars.

97.   Defendants' competitors do so lawfully. Defendants do not.

**Plaintiff's and Class Purchases of the Product**

98.   Plaintiff Hilsley purchased the Products in California during the Class Period.

99.   Plaintiff purchased the Products multiple times annually since 2011, most recently at the Ralph's Supermarket located in the Encinitas Village Shopping Center at 125 N El Camino Real, Encinitas, California.

100.   Plaintiff and the Class members purchased the Products at the marked retail prices, which generally ranged during the Class Period from $2.00 to $3.00 per retail package of 10 individually-wrapped packets, and from time to time at offered promotional prices. Some of the Products are also offered for sale in larger-quantity packages.

101.   Plaintiff's most recent purchase was on or about November 2016.

102.   Plaintiff first discovered Defendants' unlawful acts described herein in December 2016, when she learned the Product's characterizing flavor was deceptively created or reinforced using artificial flavoring even though Defendants failed to disclose that fact on the Product's label.

103.   Plaintiff was deceived by and relied upon the Product's deceptive labeling, and specifically the omission of the fact that it contained artificial flavorings. Plaintiff purchased the Product believing it was naturally-flavored, based on the Product's deceptive labeling and failure to disclose that it was artificially flavored.

104.   Plaintiff and the Class members, as reasonable consumers, are not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the product's front label is false and misleading, or to search the label for information that state and federal regulations require be displayed prominently on the front – and, in fact, under state law are entitled to rely on statements that Defendants deliberately place on the Product's labeling.

105.   Defendants, but not Plaintiff or the Class, knew or should have known that this labeling was in violation of federal regulations and state law.

106.   Because Plaintiff and Class members reasonably assumed the Product to be free of artificial flavoring based on the Products' labels, they did not receive the benefit of their purchases. Instead of receiving the benefit of products free of artificial flavoring, each received a Product that was unlawfully labeled and deceived the consumer into believing that it was exclusively naturally flavored and contained no artificial flavoring, in violation of state and federal labeling regulations.

107.   Plaintiff would not have purchased the Product in the absence of Defendants' misrepresentations and omissions. Had Defendants not violated California law, Plaintiff would not have been injured.

108.   The Products were worth less than what Plaintiff and the Class paid for them, and class members would not have paid as much as they have for the Products absent Defendants' false and misleading statements and omissions.

109.   As General Mills' consumer survey and similar consumer studies show, naturally-flavored food products command a price premium over artificially-flavored products.

110.   Plaintiff lost money as a result of Defendants' unlawful behavior. Plaintiff altered her position to her detriment and suffered loss in an amount equal to the amount of the price premium paid for the Product relative to the price had the Products been accurately labeled or the price of other similar products lawfully labeled.

CLASS ACTION COMPLAINT

111.   Plaintiff intends to, desires to, and will purchase the Product again when she can do so with the assurance that the Products' labels, which indicate that the Products are naturally-flavored, are lawful and consistent with the Products' ingredients.

## V.   **DELAYED DISCOVERY**

112.   Plaintiff did not discover that Defendants' labeling of the Products was false and misleading until December 2016, when she learned the Products contained undisclosed artificial flavoring.

113.   Plaintiff and the Class are reasonably diligent consumers who exercised reasonable diligence in their purchase and consumption of the Products. Nevertheless, they would not have been able to discover Defendants' deceptive practices and lacked the means to discover them given that, like nearly all consumers, they rely on and are entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law. Furthermore, Defendants' labeling practices and non-disclosures—in particular, failing to identify the artificial flavor in the ingredient list, or to disclose that the Product contained artificial flavoring, or to accurately identify the kind of malic acid that Defendants put in the Product—impeded Plaintiff's and Class members' abilities to discover the deceptive and unlawful labeling of the Product throughout the Class Period.

114.   Because Defendants actively concealed their illegal conduct, preventing Plaintiff and the Class from discovering their violations of state law, Plaintiff and the Class are entitled to delayed discovery and an extended Class Period tolling the applicable statute of limitations.

## VI.   **CLASS ACTION ALLEGATIONS**

115.   Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") pursuant to Cal. Civ. Proc. Code§ 382, Cal. Civ. Code§ 1781, and Cal. Bus. & Prof. Code § 17203.

116.   The Class is defined as follows:

All California citizens who purchased the Products in California on or after

14

January 1, 2012, excluding Defendants and Defendants' officers, directors, employees, agents, and affiliates, and the Court and its staff.

117.   During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or d-l malic acid and were otherwise improperly labeled as alleged herein. Defendants failed to label the Products as required by California law and the Class was damaged as described herein.

118.   The proposed Class meets all criteria for a class action, including numerosity, typicality, superiority, and adequacy of representation.

119.   The proposed Class satisfies numerosity. The Products are offered for sale at over a thousand supermarkets in California; the Class numbers at minimum in the tens or hundreds of thousands. Individual joinder of the class members in this action is impractical. Addressing the class members' claims through this class action will benefit Class members, the parties, and the courts.

120.   The proposed Class satisfies typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the class members all purchased the Product, were deceived by the false and deceptive labeling, and lost money as a result, purchasing a product that was illegal to sell in California.

121.   The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each class member's claim is modest, based on the Product's retail purchase price which is generally under $5.00. It would be impractical for individual class members to bring individual lawsuits to vindicate their claims.

122.   Because Defendants' misrepresentations were made on the label of the Products themselves, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendants can continue to deceive consumers and violate California law with impunity.

123.   The proposed Class representatives satisfy adequacy of representation.  The

Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her interests do not conflict with the interests of the Class members, and she has no interest antagonistic to those of other class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

124.    There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

125.    Questions of law and fact common to Plaintiff and the Class include:

a.    Whether Defendants failed to disclose the presence of the artificial flavoring ingredient d-l malic acid in the Product;

b.    Whether Defendants' label statement, "No Artificial Flavors" was a false or misleading statement of fact;

c.    Whether Defendants' labeling omissions and representations constituted false advertising under California law;

d.    Whether Defendants' conduct constituted a violation of California's Unfair Competition Law;

e.    Whether Defendants' conduct constituted a violation of California's Consumer Legal Remedies Act;

f.    Whether Defendants' label statement, "No Artificial Flavors" was an affirmative representation of the Product's composition and conveyed an express warranty;

g.    Whether Defendants' conduct constitutes a breach of implied warranties under California's Commercial Code;

h.    Whether Defendants' conduct violates U.S. Food and Drug Administration labeling regulations;

i.    Whether the statute of limitations should be tolled on behalf of the Class;

j.    Whether the Class is entitled to restitution, rescission, actual

16

damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

k.   Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

126.   Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

127.   Defendants have acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

128.   Class treatment is therefore appropriate under Cal. Civ. Code § 378. Plaintiff will, if notice is required, confer with Defendants and seek to present the Court with a stipulation and proposed order on the details of a class notice plan.

# VII.   CAUSES OF ACTION

## First Cause of Action: Violation of the CLRA

129.   Plaintiff realleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

130.   The California Consumers Legal Remedies Act, Cal. Civ. Code §1750 et seq. prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

131.   Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code §1761(d). The Products are a "good" as defined by Cal. Civ. Code §1761.

132.   Defendants' failure to label the Products in accord with federal and state labeling regulations, omitting the required information that the Products contain artificial flavoring, was an unfair, deceptive, unlawful and unconscionable commercial practice.

133.   Defendants' conduct violates the Consumer Legal Remedies Act.

134.   As a result of Defendants' violations, Plaintiff and the Class suffered ascertainable losses in the form of the price premium they paid for the unlawfully labeled and marketed products, which they would not have paid had the Products been labeled

17

correctly, and in the form of the reduced value of the actual Products compared to the Products as advertised.

135.   Pursuant to §1782 of the CLRA, Plaintiff will notify Defendants in writing of the particular violations of §1770 of the CLRA and demand that Defendants rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and giving notice to all affected customers of their intent to do so. Plaintiff will send this notice by certified mail, return receipt requested, to Defendants' principal places of business, and if Defendants do not comply within 30 days, Plaintiff will amend this complaint accordingly. Until such time, this Complaint seeks only injunctive relief and not damages under §§1770 and 1782.

### Second Cause of Action: Violation of the UCL, Unlawful Prong

136.   Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint, as if fully set forth herein.

137.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful . . .  business act or practice."

138.   The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

139.   Defendants' practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, California's Sherman Law.

140.   Defendants' conduct in unlawfully labeling, advertising, and distributing the Products in commerce in California violated California law.

141.   The Products' labels fail to disclose that they contain synthetic artificial flavoring in violation of 21 CFR 101.22 and California's Sherman Law.

142.   The Products contain d-l malic acid.

143.   The d-l malic acid is an artificial flavoring material that creates, simulates, and reinforces the Products' characterizing fruit flavors.

144.   The d-l malic acid in the Products is not derived from a natural material as defined in 21 CFR 101.22 and is therefore by law an artificial flavor.

145.    Defendants fail to inform consumers of the presence of the artificial flavor in the Products, on either the front or back-label as required by law.

146.    Defendants' practices are therefore unlawful as defined in Section 17200.

**Third Cause of Action: Violation of the UCL, Unfair Prong**

147.    Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

148.    Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . .business act or practice." Defendants' practices violate the Unfair Competition Law "unfair" prong as well.

149.    The Defendants' practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendants does not outweigh the gravity of the harm to consumers.

150.    While Defendants' decision to label the Products deceptively and in violation of California law may have some utility to Defendants in that it allows Defendants to sell the Products to consumers who otherwise would not purchase an artificially-flavored food product at the retail price or at all if it were labeled correctly, and to realize higher profit margins than if they formulated or labeled the Product lawfully, this utility is small and far outweighed by the gravity of the harm Defendants inflict upon California consumers.

151.    Defendants' conduct also injures competing food product manufacturers and sellers that do not engage in the same unlawful, unfair, and unethical behavior.

152.    Moreover, Defendants' practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

153.    Plaintiff's and the Class's purchases of the Products occurred in California.

154.    Defendants labeled the Products in violation of federal regulations and California law requiring truth in labeling.

155.    Defendants consciously failed to disclose material facts to Plaintiff and the

19

Class in Defendants' advertising and marketing of the Product.

156.   Defendants' conduct is unconscionable because, among other reasons, it violates 21 C.F.R. 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

157.   Defendants' conduct is "unconscionable" because it violates, inter alia, 21 C.F.R. 101.22(c), which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

158.   Defendants intended that Plaintiff and the Class rely on Defendants' acts of omissions so that Plaintiff and the other Class members would purchase the Products.

159.   Had Defendants disclosed all material information regarding the Products in product advertising and marketing, Plaintiff and the Class either would not have purchased the Products or would have paid less than they did for the Products.

160.   Plaintiff and Class members suffered injury in fact and lost money or property as a result of Defendants' deceptive advertising:  they were denied the benefit of the bargain when they decided to purchase the Product based on Defendants' violation of the applicable laws and regulations, or to purchase the Product in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled.

161.   Plaintiff suffered an ascertainable loss of money. The acts, omissions and practices of Defendants detailed herein proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, monies spent to purchase the Products they otherwise would not have at the prices charged, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

162.   Section 1720 also prohibits any "unfair, deceptive, untrue or misleading

advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue and misleading advertising and violated Business & Professions Code §17200.

163.   Pursuant to California Business & Professions Code §17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to return the amount of money improperly collected to all those who purchased the Products.

### **Fourth Cause of Action: Violation of False Advertising Law**

164.   Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

165.   Defendants in enterprise made, distributed, and advertised in California and in interstate commerce, Products that unlawfully fail to disclose artificial flavoring on the packaging as required by federal food labeling regulations.

166.   The Products' labeling and advertising in California falsely describe it as if it were naturally-flavored and advertises that the Products contain "No Artificial Flavors."

167.   Under California's False Advertising Law, Business and Professions Code §17500 *et seq*,

> "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any newspaper or other publication, or any advertising device . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code §1.7500

168.   Defendants' labeling and advertising statements, communicating to consumers that the Products contain "No Artificial Flavors" and concealing the fact that they contain a synthetic artificial flavor, were untrue and misleading and Defendants at a minimum by the exercise of reasonable care should have known those actions were false or misleading.  Defendants' conduct violated California's False Advertising Law.

**Fifth Cause of Action: Breach of Express Warranty**

169.    Plaintiff realleges and incorporates by reference the allegations found elsewhere in the Complaint as if set forth in full herein.

170.    The Products' labels warrant that the Product has "No Artificial Flavors."

171.    The Products' front labels also misleadingly advertise by operation of California law that the Products are flavored only with natural flavors.

172.    These promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendants breached; the Products are artificially flavored.

173.    Defendants sold the goods to Plaintiff and other consumers who bought the goods from Defendants.

174.    As a result, Plaintiff and other consumers did not receive goods as warranted by Defendants.

175.    Within a reasonable amount of time after Plaintiff discovered that the Product contained synthetic ingredients, Plaintiff notified the Defendants of such breach.

176.    As a proximate result of this breach of warranty by Defendants, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

177.    As a result, Plaintiffs, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

**Sixth Cause of Action:  Breach of Implied Warranty**

178.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

179.    Defendants' label representations also created implied warranties that the product was suitable for a particular purpose, specifically as a naturally-flavored food product. Defendants breached this warranty as well.

180.    The Products' front labels misleadingly imply that the Products are flavored with the natural ingredients comprising the characterizing flavors.

CLASS ACTION COMPLAINT

181.   As alleged in detail above, at the time of purchase Defendants had reason to know that Plaintiffs, as well as all members of the Class, intended to use the Product as a naturally-flavored food product.

182.   This became part of the basis of the bargain between the parties.

183.   Based on that implied warranty, Defendants sold the goods to Plaintiff and other Class members who bought the goods from Defendants.

184.   At the time of purchase, Defendants knew or had reason to know that Plaintiff and the Class members were relying on Defendants' skill and judgment to select or furnish a product that was suitable for this particular purpose, and Plaintiff justifiably relied on Defendants' skill and judgment.

185.   The Products were not suitable for this purpose.

186.   Plaintiff purchased the Product believing it had the qualities Plaintiff sought, based on the deceptive advertising and labeling, but the Product was actually unsatisfactory to Plaintiff for the reasons described herein.

187.   The Products were not merchantable in California, as they were not of the same quality as similar products in the product category generally acceptable in the trade.

188.   The Products would not pass without objection in the trade when packaged with the existing labels, because the Products were misbranded and illegal to sell in California.  Cal. Comm. Code 2314(2)(a).

189.   The Products also were not acceptable commercially and breached the implied warranty because they were not adequately packaged and labeled as required. Cal. Comm. Code 2314(2)(e).

190.   The Products also were not acceptable commercially and breached the implied warranty because they did not conform to the promises or affirmations of fact made on the container or label, Cal. Comm. Code 2314(2)(f), and other grounds as set forth in Commercial Code section 2314(2).

191.   By offering the Products for sale and distributing the Products in California, Defendants also warranted that the Products were not misbranded and were legal to

23

purchase in California. Because the Products were misbranded in several regards and were therefore illegal to sell or offer for sale in California, Defendants breached this warranty as well.

192. As a result of this breach, Plaintiff and other California consumers did not receive goods as impliedly warranted by Defendants.

193. Within a reasonable amount of time after the Plaintiff discovered that the Products contained synthetic ingredients, Plaintiff notified the Defendants of such breach.

194. As a proximate result of this breach of warranty, Plaintiff and other California consumers have been damaged in an amount to be determined at trial.

195. As a result, Plaintiffs, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated in California, prays for judgment against Defendants as follows:

A.   An order confirming that this action is properly maintainable as a class action as defined above, appointing Plaintiff and her undersigned counsel to represent the Class, and requiring Defendants to bear the cost of class notice;

B.   An order declaring that the conduct complained of herein violates the CLRA;

C.   An order declaring that the conduct complained of herein violates the UCL;

D.   An order declaring that the conduct complained of herein violates the FAL;

E.   An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

F.   An order requiring Defendants to disgorge any benefits received from Plaintiff and the Class and any unjust enrichment realized from the improper and misleading labeling, advertising, and marketing of the Products;

G.   An order requiring Defendants to pay restitution and damages to Plaintiff and Class members so that they may be restored any money which was acquired

24

1    by means of any unfair, deceptive, unconscionable or negligent acts;

2    H.    An award of punitive damages in an amount to be proven at trial;

3    I.    An order enjoining Defendants' deceptive and unfair practices;

4    J.    An order requiring Defendants to conduct corrective advertising;

5    K.    An award of pre-judgment and post-judgment interest;

6    L.    An award of attorney fees and costs; and

7    M.    Such other and further relief as this Court may deem just, equitable, or proper.

8

## IX.    JURY DEMAND

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.


DATED: December 5, 2017                    Respectfully Submitted,



                                           /s/ David Elliot

                                           **THE ELLIOT LAW FIRM**
                                           DAVID ELLIOT (270381)
                                           3200 Fourth Avenue, Suite 207
                                           San Diego, CA 92103
                                           Telephone:   (619) 468-4865

                                           *Counsel for Plaintiff*

CLASS ACTION COMPLAINT

## Venue Affidavit

I, Crystal Hilsley, declare as follows:

1.  I am a Plaintiff in this action.  I make this affidavit pursuant to California Civil Code Section 1780(d).

2.  The Complaint in this action is filed in a proper place for the trial of this action because at least one named defendant is doing business in this county, and transactions at the basis of this complaint occurred in this county.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Dated: _____, 2017

_____
Crystal Hilsley

1

Venue Affidavit