UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY,<br><br>                            Plaintiff,<br>v.<br>GENERAL MILLS, INC. et al.,<br>                            Defendants. | Case No.: 3:18-cv-00395-L-BLM<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

In this putative class action alleging deceptive food labeling, Defendants[1] filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposed, and Defendants replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L. R. 7.1.d.1. For the reasons stated below, Defendants' motion is denied in part and granted in part with leave to amend.

**I.    BACKGROUND**

Plaintiff, a consumer who purchased Defendants' fruit flavored snacks multiple times, brought this putative class action alleging that the product label was misleading to consumers because it falsely claimed that the snacks had "no artificial flavors" and were

---

[1] Plaintiff named nine Defendants. All Defendants except Sanrio Company Ltd. ("Sanrio") joined in the pending motion.

1

"naturally flavored," although they contained d-l malic acid as an artificial flavoring. (Compl. (doc. no. 1-2) ¶¶ 46, 47, 53.) According to the complaint, d-l malic acid is a "synthetic petrochemical." (*Id.* ¶ 50.) It "confers a tart, fruit-like flavor" to "help[] make the Products – which are over 50% corn syrup and sugar – taste more like fruit." (*Id*. ¶¶ 50 (internal quotation marks omitted), 59.) Furthermore, Plaintiff contends that listing malic acid among the ingredients by its generic name is independently misleading to the consumers. (*Id.* ¶ 54.)

Plaintiff filed this action in State court, which Defendants removed. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

The complaint alleges violations of California Unfair Competition Law, California False Advertising Law, and California Consumer Legal Remedies Act, as well as breach of express and implied warranties. The complaint was filed against General Mills, Inc. as the manufacturer and General Mills Sales, Inc. as the distributor (collectively "General Mills"). (Compl. ¶¶ 20-23.) Also named were two advertising agencies and five media companies, which licensed the use of children's cartoon characters for marketing. (*Id*. ¶¶ 23-42.) Defendants filed a motion to dismiss all claims under Rule 12(b)(6).

## II. <u>DISCUSSION</u>

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual

2

3:18-cv-00395-L-BLM

allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

A. **Specificity of Factual Allegations**

Throughout their motion, Defendants argue that Plaintiff does not sufficiently allege that malic acid is an artificial flavor, or that it was used as a flavoring agent in the fruit flavored snacks. Defendants claim that General Mills used malic acid as a pH control agent and not as an artificial flavor. (*See* Mot. (doc. no. 13-1) at 3.)

The Food and Drug Administration ("FDA") defines "artificial flavor or artificial flavoring" as

> any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof.

21 C.F.R. § 101.22(a)(1). Plaintiff alleges that General Mills used d-l malic acid, which "is not a naturally-occurring compound." (Compl. ¶¶ 57, 58.) *See* 21 C.F.R. §184.1069(a) ("Racemic DL-malic acid does not occur naturally. It is made commercially . . ..") Under the FDA regulations, malic acid is used as a "flavor enhancer" or "flavoring agent," although it can also be used as a "pH control agent." 21 C.F.R. §184.1069(c). Plaintiff alleges that General Mills used d-l malic acid as a flavoring agent in the fruit flavored snacks. (*See, e.g.,* Compl. ¶¶ 49, 50, 57, 72.)

The required specificity of factual allegations is defined by the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2). It "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks, ellipsis and citation omitted). Although "detailed factual allegations" are not required, they must be sufficient to "raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Id*. (internal quotation marks, ellipsis and citation omitted). Generally, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Plaintiff has alleged the underlying facts with sufficient specificity to plausibly allege her claims. Whether Plaintiff is correct that General Mills used the d-l form of malic acid, and whether it used malic acid as a flavoring agent rather than a pH balancing agent are issues of fact that cannot be resolved at the pleading stage.

### B. Federal Preemption

All of Plaintiff's claims are based on two theories of liability. First, Plaintiff claims the fruit flavored snacks were mislabeled because their packaging claimed they were "naturally flavored" and had "no artificial flavors," even though they allegedly contained an artificial flavoring agent. Second, Plaintiff claims that Defendants were required by federal and state law to list malic acid in the ingredient list by its specific name, rather than by its generic name. Defendants move to dismiss all claims as preempted by federal law, arguing that Plaintiff's action is premised on violations of more stringent labeling requirements than imposed by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, ("FDCA").

The FDCA, as amended by the Nutrition, Labeling and Education Act ("NLEA"), expressly preempts any state law requirement that is "not identical" to the NLEA's labeling requirements. 21 U.S.C. § 343-1(a)(5). "The phrase 'not identical to' means 'that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food [that] . . . [a]re not imposed by or contained in the applicable [federal regulation] . . . or [d]iffer from those specifically imposed by or contained in the applicable [federal regulation].'" *Lilly v. ConAgra Foods*, 743 F.3d 662, 664-65 (9th Cir. 2014) (quoting 21 C.F.R. § 100.1(c)(4)). Accordingly, whether Plaintiff's clams are preempted "turns on whether the challenged statements are
/ / / / /

4

authorized by the FDA's regulations . . .." *Reid v. Johnson & Johnson,* 780 F.3d 952, 959 (9th Cir. 2015).

### 1. Plaintiff's Theory Based on the "No Artificial Flavors" Claim

Plaintiff alleges that the "no artificial flavors" claim on the packaging is false because the fruit snacks are artificially flavored with d-l malic acid. Defendants argue that federal law does not require them to label the product as "artificially flavored," and that any claim based on the requirement to do so should be dismissed as preempted.

The FDA regulates how flavor is disclosed on food labels:

> If the label . . . of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word . . . or other means, . . . such flavor shall be considered the characterizing flavor and shall be declared in the following way:
>
> [¶]
>
> (2) If the food contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor [which] shall be accompanied by the word(s) "artificial" or "artificially flavored" . . ., e.g., "artificial vanilla," "artificially flavored strawberry," or "grape artificially flavored."

21 C.F.R. § 101.22(i)(2).

The label on General Mills fruit snacks states that it contains "fruit flavored snacks" and specifies that the flavor is "assorted fruit flavors." (Compl. ¶46.) Accordingly, the characterizing flavor of the product is "fruit." *See* 21 C.F.R. § 101.22(i). Plaintiff also alleges that "synthetic d-l malic acid simulates, resembles, and reinforces the characterizing fruit flavor for the Products." (*Id*. ¶ 72.)

Assuming the truth of the allegations, as the Court must at the pleading stage, *see Huynh*, 465 F.3d at 997, 999 n.3, the FDA regulations require Defendants to label the fruit flavored snacks as artificially flavored. Plaintiff's claims are based on the contention that Defendants did not comply with this requirement. Accordingly, insofar as Plaintiff's

claims are based on failure to label the fruit snacks as artificially flavored, they are not preempted.

### 2. Plaintiff's Theory Based on the Ingredient Listing

Defendants included "malic acid" on the list of ingredients on the product label. Plaintiff maintains that "malic acid" is a generic name, and that Defendants were required to list a more specific, non-generic name. Defendants dispute that this is required by federal law, and argue that any claim based on such requirement is preempted.

According to FDA regulations, "[i]ngredients required to be declared on the label or labeling of a food . . . shall be listed by common or usual name . . . ." 21 C.F.R. § 101.4(a)(1). A "common name" is a "specific name" that identifies the particular ingredient. *Id.* Ingredients should not be listed by their "collective name," which is a general category that specific ingredients fall under. *Id.* § 101.4(b).

If "malic acid" is the common name for d-l malic acid, then Plaintiff's claims under this theory of mislabeling are preempted. FDA regulations describe malic acid as follows:

> Malic acid ($C_4H_6O_5$, CAS Reg. No. of L-form 97–67–6, CAS Reg. No. of DL-form 617–48–1) is the common name for 1–hydroxy–1, 2–ethanedicarboxylic acid. L (+) malic acid, referred to as L-malic acid, occurs naturally in various foods. Racemic DL-malic acid does not occur naturally. It is made commercially by hydration of fumaric acid or maleic acid.

21 C.F.R. § 184.1069(a). The regulation states that "[m]alic acid . . . is the common name." *Id.* It goes on to identify two forms of malic acid, L-malic acid, which "occurs naturally in various foods," and DL-malic acid, which does not. *Id.* Defendants argue "malic acid" is the "common name" for both the natural and non-natural forms of malic acid.

The Court must construe the FDA regulation to "give effect, if possible, to [its] every clause and word . . . ." *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (citations omitted). When read together with the information included in parentheses – the

1 differing forms of malic acid – the regulation plainly states that "malic acid" is the
2 common name for the forms listed in parentheses, including d-l malic acid alleged in the
3 complaint.

Accordingly, the FDA regulations do not require that malic acid be listed in the ingredients by a more specific name. To the extent Plaintiff's claims are based on the contrary proposition, they are preempted.

### C. California Consumer Protection Statutes

Defendants next argue that Plaintiff has not sufficiently alleged violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"), California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*., and California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. The standard for determining whether a defendant violated these statutes by false advertising is the same. *Chapman v. Skype, Inc.,* 220 Cal. App. 4th 217, 230 (2013); *see also Williams v. Gerber Prods Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (as am. Dec. 22, 2008) (applying Cal. law). In this regard, "it is necessary only to show that members of the public are likely to be deceived." *Tobacco II Cases*, 46 Cal.4th 298, 312 (2009) (internal quotation marks, brackets, ellipsis and citation omitted). This can be proved "by showing that the alleged misleading statement was material . . .." *Steroid Hormone Prod. Cases,* 181 Cal. App. 4th 145, 156-57 (2010).

> Materiality of the alleged misrepresentation generally is judged by a 'reasonable man' standard. In other words, a misrepresentation is deemed material if a reasonable man would attach importance to its existence in determining his choice of action in the transaction in question . . ..

*Id.* at 157 (internal quotation marks, brackets and citation omitted). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision" at the pleading stage. *Williams,* 552 F.3d at 938-39.

Defendants argue that Plaintiff has not alleged that a reasonable consumer would likely be deceived because she has not sufficiently alleged that malic acid in the fruit

flavored snacks was used as a flavoring. (Mot at 12.) As discussed in section II.A. above, Plaintiff has sufficiently alleged this for purposes of pleading. Plaintiff also alleged facts supporting a reasonable inference that "no artificial flavor" statement is material to consumers. (Compl. ¶¶ 77-79, 86, 87.)

Defendants further argue that Plaintiff has not alleged a violation of the law to show an unlawful business practice for purposes of the UCL. (Mot. at 13 n.1; Reply (doc. no. 15) at 6 n.1.) "The UCL prohibits . . . unfair competition, which it defines as any unlawful, unfair or fraudulent business act or practice." *Kwikset Corp. v. Super. Ct. (Benson),* 51 Cal.4th 310, 326 (2011) (internal quotation marks and citation omitted). As discussed in section II.B.1. above, Plaintiff has sufficiently alleged that the product label violated 21 C.F.R. § 101.22. The Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§109875 *et seq.*, which Plaintiff alleged as the basis of her UCL claim (Compl. ¶ 139), incorporates FDA regulations by reference. Cal. Health & Safety Code §110100. Plaintiff has therefore sufficiently alleged a UCL violation.

### D. Warranty Claims

Plaintiff alleges breach of warranty based on three theories: breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. Defendants move to dismiss all of Plaintiff's warranty claims.

To comply with an express warranty, goods must conform to "[a]ny description of the goods which is made part of the basis of the bargain." Cal. Com. Code. § 2313(1)(b). To comply with the implied warranty of merchantability, goods must, among other things, "[c]onform to the promises or affirmations of fact made on the container or label if any." *Id.* § 2314(2)(f). Plaintiff alleges that Defendants breached both warranties because the labels falsely stated that the fruit flavored snacks have "no artificial flavors" and are "naturally flavored." (*See* Compl. ¶¶ 170, 172, 190.) Defendants' argument is based on the contention that Plaintiff did not sufficiently allege that malic acid was used

/ / / / /

8

as a flavoring agent. (Mot. at 14, 16; Reply at 6 n.1.) As discussed above, this argument is rejected.

An implied warranty of fitness for a particular purpose exists "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods . . .." Cal. Com. Code §2315.

> A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question.

*Am. Suzuki Motor Corp. v. Super. Ct. (Carney),* 37 Cal. App. 4th 1291, 1295 n.2 (1995).

Plaintiff alleges she purchased the fruit flavored snacks "multiple times . . . for personal and household consumption" in reliance on the representation that they did not contain artificial flavors. (Compl. ¶¶44, 99-103, 179-184.) The alleged "particular purpose" is "as a naturally-flavored food product." (*Id.* ¶179.) This stated purpose is not "peculiar to" Plaintiff's use as distinguished from the "ordinary use" of food products. *See Am. Suzuki Motor,* 37 Cal. App. 4th at 1295 n.2.

For the foregoing reasons, Plaintiff has not alleged breach of the implied warranty of fitness for a particular purpose. To the extent she relies on this theory for her implied warranty claim, the claim is dismissed.

### E. Claims Against Advertiser and Licensor Defendants

In addition to General Mills, the manufacturer and distributor of the fruit flavored snacks (Compl. ¶¶ 20-23), Plaintiff also names two "principal advertising agenc[ies]" (*id.* ¶¶ 24-27 ("Advertiser Defendants"), and five media companies which licensed children's cartoon characters to General Mills to market the fruit flavored snacks (*id.* ¶¶ 28-42 ("Licensor Defendants")). The allegations regarding the Advertiser Defendants are that they were "responsible for the false and misleading Product labels . . .." (*Id.* ¶¶ 24, 26.) Regarding the Licensor Defendants, Plaintiff alleges that "[d]ue to the pervasive presence

of [their] character[s] in the Product's marketing and labeling, [they are] alleged under California law to have both enterprise and apparent-manufacturer liability . . .." (*Id.* ¶¶ 29, 32, 35, 38, 40.)

Defendants argue that all claims against the Advertiser and Licensor Defendants should be dismissed for failure to allege any facts, beyond a "formulaic recitation of elements or conclusions of law," regarding these Defendants' participation in the alleged violations. (Mot. at 16.) Both parties discuss at length whether various theories of secondary liability are available for violations of California consumer protection statutes. Regardless of the theory of liability for any of the Advertiser or Licensor Defendants, Plaintiff's allegations are too bare and conclusory to be "entitled to the assumption of truth." *See Iqbal,* 556 U.S. at 681; *see also id.* at 678-79.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (internal quotation marks, ellipsis and citation omitted). Plaintiff's allegations do not provide the facts necessary to raise her "right to relief above the speculative level." *See id.* Accordingly, insofar as Defendants move for dismissal of the claims asserted against the Advertiser and Licensor Defendants, their motion is granted.

### F. <u>Leave to Amend</u>

For the reasons stated above, Defendants' motion is granted in part and denied in part as follows: (1) Plaintiff's claims are dismissed as preempted to the extent Plaintiff relies on Defendant's failure to list d-l malic acid on the list of ingredients; (2) Plaintiff's claim for breach of the implied warranty is dismissed to the extent she relies on the implied warranty of fitness for a particular purpose for failure to allege sufficient factual

allegations; and (3) all of Plaintiff's claims are dismissed as to the Advertiser and Licensor Defendants for failure to support them with sufficient factual allegations.

The Court next considers whether Plaintiff should be granted leave to amend. Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted). Dismissal without leave to amend is not appropriate unless it is clear the complaint cannot be saved by amendment. *Id.*

Plaintiff is granted leave to amend her implied warranty claim to allege facts in support of the implied warranty of fitness for a particular purpose. Plaintiff is also granted leave to allege facts in support of her claims against the Advertiser and Licensor Defendants. Leave to amend is denied as to the preempted portion of Plaintiffs' claims.

### III. CONCLUSION

For the foregoing reasons, it is hereby ordered as follows:

1. Defendants' motion to dismiss is granted in part and denied in part. The motion is granted insofar as: (1) any claim based on Defendant's failure to list d-l malic acid on the list of ingredients is preempted; (2) Plaintiff's claim for breach of the implied warranty is dismissed to the extent she relies on the implied warranty of fitness for a particular purpose; and (3) all of Plaintiff's claims are dismissed as to the Advertiser and Licensor Defendants. In all other respects, the motion is denied.

2. Plaintiff is granted leave to amend her implied warranty claim and claims asserted against the Advertiser and Licensor Defendants.

11

|   |   |
|---|---|
| 1 | 3.    If Plaintiff chooses to file an amended complaint, she must do so no later |
| 2 | than 21 calendar days after this Order is filed.  Defendants shall file their response, if any, |
| 3 | no later than 14 calendar days after the service of Plaintiff's amended complaint.  If |
| 4 | Plaintiff chooses to forego amendment, Defendants' response, if any, shall be filed no |
| 5 | later than 35 calendar days after this Order is filed. |
| 6 | **IT IS SO ORDERED.** |

Dated: March 26, 2019

_____
Hon. M. James Lorenz
United States District Judge