UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MILLS, INC., et al.,<br><br>Defendants. | Case No.:  18cv395-L(BLM)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER WITH MODIFICATIONS**<br><br>**[ECF No. 31]** |

On June 24, 2019, the parties filed a joint motion for entry of a protective order governing confidential information.  ECF No. 31.  After reviewing the parties proposed, stipulated protective order, the Court **GRANTS** the parties' joint motion with the following modifications:

1. Paragraph VII.B.1. of the Protective Order [ECF No. 31 at 8] will read as follows, in compliance with Magistrate Judge Barbara L. Major's Chambers Rules:[1]

> In the event of any dispute regarding a designation of confidentiality, the challenging party's counsel must meet and confer pursuant to Civil Local Rule 26.1.

---

[1] Honorable Barbara Lynn Major, U.S. Magistrate Judge, Chambers Rules-Civil Cases, available at https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf.

If counsel are in the same county, they are to meet in person; if counsel practice in different counties, they are to confer by telephone. Under no circumstances may counsel satisfy the "meet and confer" obligation by written or emailed correspondence. The Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of disputes can be resolved by means of that process. Counsel must thoroughly meet and confer and shall make every effort to resolve all disputes without the necessity of court intervention.

If a party or lawyer fails to respond to opposing counsel's request to meet and confer for more than 72 hours, counsel may contact chambers and request a telephonic conference with the clerk assigned to the case or an appropriate briefing schedule. If the parties fail to resolve their dispute through the meet and confer process, then counsel for all parties are required to determine a mutually agreeable time to conduct a conference call with Chambers. The Court will not assign a hearing date before conducting a conference call with all counsel.

2.      Paragraph XIII.C.1. of the Protective Order [ECF No. 31 at 14] will read as follows:

When filing a document under seal, the parties must comply with the rules for each respective Judicial Chambers. Accordingly, if the pleadings are being submitted to District Judge Cathy A. Bencivengo, the parties must refer to Judge Bencivengo's Chambers Rules for Civil cases, which is accessible through the Court's website at www.casd.uscourts.gov. Conversely, if the pleadings are being submitted to Magistrate Judge Barbara L. Major, the party must comply with the requirements set forth below:

Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. The party seeking to file confidential material under seal must file a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request. Simultaneously, the party seeking to file the confidential material must file a public version of any documents that it

seeks to file under seal, in which only material deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be redacted.

**IT IS SO ORDERED**.

Dated: 6/25/2019

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge