UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MILLS, INC., et al., <br><br> Defendants. | Case No.: 3:18-cv-00395-L-BLM <br><br> **CLASS ACTION** <br><br> **ORDER DENYING DEFENDANTS' MOTION TO SEAL** |

In this putative class action alleging deceptive food labeling, Defendants filed a motion to seal portions of the Expert Declaration of Dolf DeRovira ("Expert Report"). (Doc. no. 47 ("Mtn. to Seal").)  Plaintiffs did not file an opposition.  The Court decides this matter on the briefs without oral argument.  *See* Civ. L. R. 7.1.d.1.  For the reasons stated below, Defendant's motion is denied.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  Lack of opposition to a motion to seal therefore does not automatically resolve it.  *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).  Defendants, as the parties seeking to seal judicial records, bear the burden of overcoming the strong presumption of access to court records. *Id.* at 1135.  The showing required to meet the burden depends upon whether the

Expert Report relates to a motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If it is, the "compelling reasons" standard applies. *Id*. at 1096–98.

The Expert Report was filed with Defendants' non-opposition to Plaintiffs' motion for preliminary approval of class action settlement. (Doc. no. 46 ("Non-opposition").) Plaintiffs' motion includes consideration whether a class action should be certified. Although in ruling on class certification courts do not decide the merits of the case, the inquiry overlaps with the merits inquiry. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 & n.6 (2011). Accordingly, Plaintiffs' motion is sufficiently related to the merits to warrant the application of the "compelling reasons" standard. *See Ctr. for Auto Safety,* 809 F.3d at 1098-99. Defendant concedes as much. (*See* Mtn. to Seal at 3.)

To meet this burden, the moving party must make a "particularized showing." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This entails "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178-79; *see also Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("[T]he party seeking protection bears the burden of showing *specific* prejudice or harm will result if no [protection] is granted." (emphasis added)).

Defendants contend that the Expert Report contains references to "highly proprietary product formulas," and that public release of such information could cause Defendants to suffer significant competitive disadvantage. (Mtn. to Seal at 3.) "The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome the strong presumption" in favor of public access to judicial records. *Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1162 (9th Cir. 2011). Nevertheless, sealing of court records requires a particularized showing. *Id.*; *see also Kamakana*, 447 F.3d at 1178-79. Defendants' motion is general and conclusory. It does not address either the elements necessary to show the trade secret nature of the formulas, *see, e.g.,* 18 U.S.C. § 1839(3), nor specific prejudice or harm that would result from disclosure. No declaration is provided in support of Defendants' contention.

Moreover, upon review of the redacted and unredacted versions of the Expert Report (docs. no. 46-6, 48), it is apparent that Defendants request the sealing of more than just proprietary product formulas or specific discussion of the formulas.  Accordingly, Defendants have not made the requisite showing of compelling reasons.  It is therefore denied.  Because the unredacted Expert Report (doc. no. 48) was lodged pending order on motion to seal, *see* Elec. Case Filing Admin. Policies and Proc. Manual § 2(j), it will not be considered.

The Court notes that it is doubtful that the redacted portions of the Expert Report, including the product formula, is relevant.  In their Non-opposition, which was publicly filed and *not* included in the Motion to Seal, Defendants quote from the Expert Report and discuss expert opinions to the extent necessary to support their Non-opposition arguments. (*See* doc. no. 46 at 2, 7-8.)  Defendants should evaluate the publicly-filed redacted version of the Expert Report (doc. no. 46-6) in light of the arguments they raise in their Non-opposition to determine whether reference to the redacted portions of the report, and a related motion to seal, are necessary at all.

It is hereby ordered as follows:

1. Defendants' Motion to Seal (doc. no. 47) is denied.

2. The unredacted Expert Report (lodged under seal as doc. no. 48) will not be considered.

3. If Defendants wish to file another motion to seal the Expert Report, any such motion must be filed no later than **September 30, 2020**, and must be supported by an appropriate showing.

**IT IS SO ORDERED.**

Dated:  September 23, 2020

_____
Hon. M. James Lorenz
United States District Judge