# <u>**EXHIBIT 1**</u>

## CLASS ACTION SETTLEMENT AGREEMENT

THIS AMENDED CLASS ACTION SETTLEMENT AGREEMENT ("Agreement") is made and entered into by and between Plaintiffs Crystal Hilsley, Adrienne Morris, Nikki Cook, and David Christensen, on behalf of themselves and the proposed class in the action described below ("Plaintiffs"), *Hilsley v. General Mills, Inc*, No. 3:18-cv-00395-L-BLM (the "Litigation" or the "Action"), on the one hand, and Defendants General Mills, Inc. and General Mills Sales, Inc. ("Defendants" or "General Mills"), on the other hand, (collectively, the "Parties") to settle and compromise the Action, and settle, resolve, and discharge the Released Claims, as defined below, according to the terms and conditions herein.

## 1.    RECITALS

1.1    WHEREAS, on or about December 5, 2017, Plaintiff Crystal Hilsley filed a putative class action complaint in the Superior Court of California, San Diego County, Case No. 37-2017-00046914 against General Mills alleging that General Mills engaged in false and misleading labeling and advertising of certain Fruit Flavored Snacks products. The Complaint included claims for violations of California's Consumer Legal Remedies Act, (Civ. Code § 1750, *et seq.* ["CLRA"]), violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.* ["UCL"]) (*unlawful prong*), violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.* ["UCL"]) (*unfair prong*), violations of California's False Advertising Law (Bus. & Prof. Code § 17500, *et seq.* ["FAL"]). No. 3:18-cv-00395, ECF No. 1-2.

1.2    WHEREAS, on or about February 21, 2018, Defendants filed a Notice of Removal of the Litigation to the United States District Court for the Southern District of California, Case No. 3:18-cv-00395-L-BLM (*Hilsley v. General Mills, Inc., et al.*, No. 3:18-cv-00395, ECF No. 1 (S.D. Cal.)).

1.3    WHEREAS, on or about October 4, 2018, Plaintiff Adrienne Morris filed a Class Action Complaint against Mott's LLP in the Central District of California captioned *Adrienne Morris v. Motts LLP*, No. 8:18-cv-01799-AG-ADS ("Federal Morris Litigation"). The complaint alleged that defendant engaged in false and misleading labeling and advertising of certain Fruit Flavored Snacks products. Ms. Morris later amended her complaint to add Nikki Cook as a plaintiff and General Mills, Inc., as a defendant. Ms. Cook and Ms. Morris are represented by the same plaintiffs' counsel as Ms. Hilsley. The operative complaint in the Federal Morris Litigation includes claims for fraud by omission (Cal. Civ. Code §§ 1709–1710), negligent misrepresentation (Cal. Civ. Code §§ 1709–1710), violations of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750), violations of California's Unfair Competition Law (*unlawful prong*) (Cal. Bus. & Prof. Code § 17200), violations of California's Unfair Competition Law (*unfair prong*) (Cal. Bus. & Prof. Code § 17200), violation of California's False Advertising Law (Cal. Bus. & Prof Code § 17500), and breach of express and implied warranties. No. 8:18-cv-01799, ECF No. 47.

1.4    WHEREAS, on or about February 26, 2019, the Court in the Federal Morris Litigation granted-in-part and denied-in-part General Mills' motion to dismiss.

1.5    WHEREAS, on or about March 26, 2019, the Court in the Action granted-in-part General Mills' motion to dismiss.

1.6     WHEREAS, thereafter the Parties engaged in extensive, good-faith negotiations in an effort to reach an amicable resolution of the claims in the Action and the Federal Morris Litigation. Those efforts included an all-day, in-person mediation conducted by Jill R. Sperber, Esq. (Judicate West) on October 22, 2019, where the Parties agreed to the principal terms of a class action settlement. Those efforts also included repeated back-and-forth in the ensuing months to finalize the terms of the settlement and resolve remaining conflicts between the Parties. The efforts included a second all-day mediation with Jill R. Sperber, Esq. on March 9, 2020 where the Parties finalized the material terms of a class action settlement.

1.7     WHEREAS, on or about August 27, 2020, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint") in the Action. The Amended Complaint added Adrienne Morris, Nikki Cook, and David Christensen as Plaintiffs to the Action. It alleged that General Mills engaged in false and misleading labeling and advertising of certain products, listed in Exhibit 1 to the Amended Complaint and Exhibit A hereto. The Amended Complaint included claims for violations of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750), violations of California's Unfair Competition Law (*unlawful prong*) (Cal. Bus. & Prof. Code § 17200), violations of California's Unfair Competition Law (*unfair prong*) (Cal. Bus. & Prof. Code § 17200), violation of California's False Advertising Law (Cal. Bus. & Prof Code § 17500), violation of the Minnesota Prevention of Consumer Fraud Act (M.S.A. § 325F.68-70), breach of express and implied warranties, fraud by omission, negligent misrepresentation, and unjust enrichment.

1.8     WHEREAS, on or about September 1, 2020, the Parties entered into a memorialized class action settlement agreement to resolve the claims in this Action and the Federal Morris Litigation (the "First Settlement Agreement").

1.9     WHEREAS, on or about September 4, 2020, Plaintiffs moved for preliminary approval of the First Settlement Agreement.

1.10     WHEREAS, on or about September 22, 2020, Plaintiffs' Counsel filed in the Federal Morris Litigation a notice of voluntary dismissal without prejudice.

1.11     WHEREAS, on or about October 16, 2020, David Hayes, the named plaintiff in a related putative class action pending in the Northern District of Illinois, *Hayes v. General Mills, Inc. et al*., Case No. 1:19-cv-05626 (N.D. Ill.) ("Intervenor Hayes"), moved to intervene in the Action.

1.12     WHEREAS, on or about June 4, 2021, this Court denied Plaintiffs' motion for preliminary approval of the First Settlement Agreement and expressed concern over several terms of the First Settlement Agreement, including as to attorneys' fees and the scope of releases.  In the same order the Court granted David Hayes's motion to intervene in the Action.

1.13     WHEREAS, to address the Court's concerns with the Settlement Agreement, the Parties (including putative intervenor David Hayes) promptly scheduled a mediation with the Honorable Leo Papas (Ret.) (Judicate West). On August 24, 2021, the Parties participated in a productive, full-day mediation before Judge Papas. Putative intervenor David Hayes participated in the mediation and the following discussions. The settlement discussions continued into the week

thereafter with the involvement of Judge Papas and under his auspices as mediator until the Parties memorialized this Class Action Settlement Agreement (the "Agreement").

1.14    WHEREAS, this Agreement is therefore the product of extensive, arms-length, and vigorously contested settlement negotiations, formal discovery, and voluntary exchange of information relevant to the negotiation. Judge Papas presided over the entire mediation, which ran from 10:00 a.m. to 7:59 p.m. and concluded with an e-mail confirmation of the settlement terms drafted by Judge Papas and sent to both Parties. Putative intervenor David Hayes also participated in the daylong mediation with Judge Papas and subsequent settlement discussions.

1.15    WHEREAS, General Mills maintains that the labels of the Products are truthful and accurate. General Mills maintains that it does not add artificial flavors to products that are labeled "No Artificial Flavors," "Naturally Flavored," or with similar designations of natural flavor; it flavors those products with flavors that are certified "natural." General Mills maintains that ingredients at issue in the Action, including malic acid, do not function as flavors in the Products. General Mills believes it can prove as much at summary judgment or trial. General Mills' experts have confirmed that the ingredients at issue do not function as a flavor. General Mills' willingness to resolve the Action on the terms and conditions embodied in this Agreement is based on, *inter alia*: (i) the time and expense associated with litigating the Action through trial and any appeals; (ii) the benefits of resolving the Action, including limiting further expense, inconvenience, and distraction, disposing of burdensome litigation, and permitting General Mills to conduct its business unhampered by the distractions of continued litigation; and (iii) the uncertainty and risk inherent in any litigation, regardless of legal merit.

1.16    WHEREAS, before entering into this Agreement, Class Counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses asserted in this Action. As part of that investigation, Class Counsel obtained extensive information and documents from General Mills through discovery, including information concerning marketing, label design, product formulation, and sales information for the Products. In total, General Mills turned over nearly 3,000 documents in the Action and the Federal Morris Litigation combined.

1.17    WHEREAS, Class Counsel's examination included, but was not limited to, review of several expert reports prepared by General Mills' experts for purposes of litigation. This assisted Class Counsel to evaluate the relative merits of Plaintiffs' claims against the benefits conferred in this Agreement.

1.18    WHEREAS, Plaintiffs, as proposed Class representatives, believe the claims settled herein have merit. Plaintiffs and their counsel recognize, however, the litigation risk involved, including the expense and length of continued proceedings necessary to prosecute the claims through trial and appeal, and have taken into account those factors, as well as litigation's inherent difficulties and delays. They believe the settlement set forth in this Agreement confers substantial benefits upon the Class Members. They have evaluated the settlement set forth in this Agreement and have determined it is fair, reasonable, and adequate to resolve their grievances, and in the best interest of the Class.

1.19    WHEREAS, putative intervenor Hayes participated in the daylong mediation with

Judge Papas and subsequent settlement discussions. Mr. Hayes has withdrawn any claims, motions, or interest in this Action. ECF Nos. 73 & 74. He does not contest this Settlement and has dismissed with prejudice any claims asserted in this Settlement. ECF No. 74.

1.20    WHEREAS, the Litigation has not been certified as a class action. Subject to the approval of the Court, the Parties agree that a class may be conditionally certified for purposes of settlement only. General Mills agrees to class-action treatment of the claims alleged in this Litigation solely for the purpose of compromising and settling those claims on a class basis as set forth herein. In the event the Court deems this case inappropriate for class action treatment or otherwise rejects this Agreement, the Parties agree to continue further good-faith settlement negotiations.

1.21    WHEREAS, based upon the discovery taken to date, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, plus the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Agreement.

NOW THEREFORE, subject to the final approval of the Court as required herein and by applicable law and rules, the Parties hereby agree, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, that any Released Claims against any Released Parties shall be settled, compromised and forever released upon the following terms and conditions.

## 2.    <u>**DEFINITIONS**</u>

In addition to the terms defined above, the following terms have the meanings set forth below.

2.1    "Challenged Claims" means the statement "No Artificial Flavors" appearing on the packaging of the Products or used in any way in connection with the sale or marketing of the Products.

2.2    "Challenged Ingredient" means the synthetic, racemic, or industrial versions of malic acid.

2.3    "Class" means all residents of the United States of America who, during the Class Period as defined herein, purchased any of the General Mills Products as defined in Exhibit A hereto. The Class Definition excludes: (1) Defendants and Defendants' officers, directors, employees, agents, and affiliates; (2) counsel for any of the parties; (3) the Court and its staff.

2.4    "Class Counsel" means Plaintiffs' counsel of record in the Litigation, the Law Offices of Ronald A. Marron, APLC and The Elliot Firm.

2.5    "Class Period" means January 1, 2012 through the date of class certification, as designated by the Court in its Preliminary Approval Order.

2.6    "Class Representative(s)" means named Plaintiffs Crystal Hilsley, Adrienne Morris Nikki Cook, and David Christensen.

153744818.2

DocuSign Envelope ID: 7466B03C-D76A-4F48-B838-71790937904F

2.7     "Compliance Date" means the date within two (2) years of the date of Final Approval (defined below) by which General Mills must have completed the packaging change described in Section 5.2 of the Agreement.

2.8     "Court" means the United States District Court for the Southern District of California.

2.9     "Defendants" means General Mills, Inc., General Mills Sales, Inc., and all parties named as defendants in the Litigation or Federal Morris Litigation.

2.10     "Defense Counsel" means Defendants' counsel of record in the Litigation, Perkins Coie LLP.

2.11     "Effective Date" means the first date by which any Judgment entered pursuant to the Agreement becomes Final (defined below).

2.12     "Final" means (a) if no appeal from the Judgment is filed, the date of expiration of the time for the filing or noticing of any appeal from the Judgment; or (b) if an appeal from the Judgment is filed, and the Judgment is affirmed or the appeal dismissed, the date of such affirmance or dismissal; or (c) if a petition for review is filed and denied, the date the petition is denied; or (d) if a petition for review is filed and granted, the date of final affirmance or final dismissal of the review proceeding initiated by the petition review. Any proceeding or order, or any appeal or petition for review pertaining solely to any application for attorneys' fees or expenses will not in any way delay or preclude the Judgment from becoming Final, and the Parties' obligations as set forth in Section 10.2 are not dependent on the Judgment becoming Final.

2.13     "Final Approval" means issuance of an order granting final approval of this Agreement as binding upon the Parties; holding this Agreement to be final, fair, reasonable, adequate, and binding on all Class Members; ordering that the settlement relief be provided as set forth in this Agreement; ordering the releases as set forth in Section 7, below; and entering judgment in this case.

2.14     "General Mills" means Defendants General Mills, Inc. and General Mills Sales, Inc., and all related entities.

2.15     "Judgment" means the judgment to be entered by the Court pursuant to the Settlement.

2.16     "Long Form Notice" means a document substantively similar to the document attached hereto as Exhibit B to be disseminated in accordance with the Preliminary Approval order, informing Persons who fall within the Class definition of, among other things, the pendency of the Litigation, the material terms of the proposed Settlement and their options with respect thereto.

2.17     "Notice Administrator" means the company designated by the Defendants and approved by the Court to provide notice to the Class.

2.18     "Notice Date" means the day on which the Notice Administrator initiates the Notice Plan.

- 5 -

2.19    "Notice Plan" means the method of providing the Class with notice of the Settlement, as approved by the Court.

2.20    "Objection Deadline" means the date that is the end of the period to object to the Settlement, as established by the Court in the Preliminary Approval and set forth in the Notice.

2.21    "Online Notice" means notice to Settlement Class Members (defined below) via the Internet.

2.22    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's parents, subsidiaries, spouse, heirs, predecessors, successors, representatives, and assignees.

2.23    "Preliminary Approval" means issuance of an order, granting preliminary approval to this Settlement as within the range of possible Final Approval; approving Class Notice to the Class Members as described in Section 6 below; and setting a hearing to consider Final Approval of the settlement and any objections thereto.

2.24    "Print Publication Notice" means notice to Settlement Class Members (defined below) via a publication, should publication notice be approved by the Court.

2.25    "Products" means the products listed in Exhibit A hereto (and Exhibit 1 to the Amended Complaint) and all substantially similar fruit flavored snacks products, including but not limited to varying sizes, seasonal iterations, licensed characters, or other similar variations of such products.

2.26    "Class Released Claims" means all rights, actions, causes of action, suits, debts, dues, accounts, liabilities, obligations, fees, costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, judgments, extensions, executions, claims, and demands whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been or could have been asserted, by or on behalf of Plaintiffs or the Class Members for injunctive relief, including, without limitation, any claims for injunctive relief, whether individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in any court, tribunal, or proceeding, arising under federal statutory or common law, state statutory or common law, local statutory or common law, or any law, rule or regulation, including the law of any jurisdiction outside the United States, that relate to any labeling or other claim that was, or could have been, alleged in the Action to be false, misleading, or non-compliant with federal or state laws or regulations concerning the presence or absence of malic acid, or that relate to claims arising out of allegations of false or misleading advertising of the Products provided any such claim(s) involves an identical factual predicate to claims asserted in the Litigation and seek injunctive relief. This release expressly does not extend to claims for damages or personal injury regarding the Products.

2.27    "Released Persons" means Defendant General Mills, Inc. and each, any and all of its respective past, present, and future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, affiliates, divisions, joint ventures, entities in

which General Mills has a controlling interest, holding companies, employees, agents, consultants, marketing partners, resellers, lead generators, telemarketers, independent contractors, insurers, reinsurers, directors, officers, partners, principals, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, auditors, legal representatives; and each and all of the past, present, and future parents, subsidiaries, affiliates, officers, directors, principals, representatives, employees, agents, shareholders, attorneys, successors, executors, and assigns of any of the foregoing entities, any licensors of the Products, and including specifically all defendants named in the Litigation or the Federal Morris Litigation.

2.28    "Settlement" means the settlement agreement memorialized in this Agreement and all attachments hereto.

2.29    "Settlement Class Member," or simply "Class Member," means a Person who falls within the definition of the Class set forth in Section 2.3.

2.30    "Settlement Website" means an internet website created and maintained by the Notice Administrator, the URL of which shall be specified in the Notice Plan

2.31    "Settling Parties" means, collectively, General Mills, the Plaintiffs, and all Class Members.

2.32    "Summary Notice" means a document substantially in the same form as Exhibit C hereto to be disseminated in accordance with the Preliminary Approval Order, informing Persons who fall within the Class definition of, among other things, the pendency of the Litigation, the material terms of the proposed Settlement and their options with respect thereto.

2.33    The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

## 3.    DENIAL OF WRONGDOING

Defendants deny the material factual allegations and legal claims asserted by the Plaintiffs in the Litigation, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Similarly, this Agreement provides for no admission of wrongdoing or liability by Defendants, their past, present and future officers, directors, employees, shareholders, subsidiaries, parents, affiliates, accountants, advisers, agents, contractors, legal counsel, successors, heirs, and assigns. This Agreement is entered solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.

## 4.    BENEFITS OF SETTLEMENT

Class Counsel and the Plaintiffs recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation through trial and appeals. Class Counsel also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel is mindful of the inherent problems of proof of liability or class damages under the claims and possible defenses to the claims asserted in the Litigation.

Class Counsel believes that the proposed Agreement confers substantial benefits upon the Class. Based on their evaluation of all of these factors, the Class Representatives and Class Counsel have determined that the Agreement is in the best interests of the Plaintiffs and the Class.

## 5.    **SETTLEMENT CONSIDERATION**

5.1    General Mills will be ordered and enjoined to remove the Challenged Claims from the Products as follows:

5.2    For all Products defined in Exhibit A hereto, General Mills will remove the Challenged Claims from packaging and promotional materials, unless such product ceases to contain the Challenged Ingredient.

5.3    General Mills shall implement the injunctive relief described in Section 5.2 within a commercial reasonable time, but no later than two (2) years after the date of Final Approval. To allow for supply chain issues, General Mills will not be in violation of the injunction for the distribution or sale of any Products with packaging produced before the two-year period but sold after that period.

5.4    General Mills shall comply with the injunctive relief provisions for a period of two (2) years from the Compliance Date.

## 6.    **NOTICE**

6.1    Prior to the Notice Date, the Notice Administrator shall establish the Settlement Website, which shall contain the Long Form Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions; a contact information page that includes the address for the Notice Administrator and addresses and telephone numbers for Class Counsel and Defendant's Counsel; the Agreement; the signed order of Preliminary Approval; and (when they become available) the motion for final approval and Plaintiff's application(s) for Attorneys' Fees, Costs and an Incentive Award.

6.2    The Settlement Website shall remain accessible ten (10) days after the Objection Deadline.

6.3    Should the Court deem publication notice necessary, a black and white version of the Print Publication Notice will be published in a periodical selected by the Notice Administrator and approved by the Court.

6.4    As necessary, additional online notice shall be provided on social media platforms chosen by the Notice Administrator and accessible to desktop and mobile users, so that overall notice of the Settlement (including the Online Notice and Print Publication Notice) is reasonably calculated to apprise the Class of the Settlement. Such notice shall begin no later than thirty (30) days after Preliminary Approval. No later than seven (7) days prior to the hearing on Final Approval, the Notice Administrator shall submit a declaration to the Court under penalty of perjury explaining how the media were chosen and attesting to the number of impressions delivered and the number of click throughs and unique visits to the Settlement Website and further attesting that the means and frequency of notice selected under this paragraph, when combined with notice under

- 8 -

the other paragraphs of this Section 6, were sufficient to meet the requirements of the United States Constitution and Federal Rule of Civil Procedure 23.

6.5     The Notice Administrator shall establish and maintain an email address where the Class may obtain information about the Litigation.

6.6     The Parties shall supervise the Notice Administrator in the performance of the notice functions set forth in this Section 6.

6.7     At least seven (7) days prior to the Final Approval hearing referenced in Section 9 of this Agreement, the Notice Administrator shall certify to the Court that it has complied with the notice requirements set forth herein.

6.8     The Parties agree that the Notice Administrator shall serve notice of the Agreement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days after the filing of this Agreement with the Court.

6.9     The Notice Administrator will file a certification with the Court stating the date or dates on which the CAFA notice was sent. General Mills will provide Class Counsel with any substantive responses received in response to any CAFA notice.

6.10     General Mills shall be responsible for paying all costs of notice as set forth in this Section 6 and all costs of the Notice Administrator in processing objections requests as set forth in Sections 9.6 through 9.7.

7.     **RELEASES**

7.1     Upon the Effective Date, Plaintiffs and the Class fully and forever release the Released Persons, including General Mills, its parent, affiliated entities, and subsidiaries and each and all of its respective present or former directors, officers, consultants, affiliated entities or corporations, subsidiaries, divisions, franchisees, partners, joint venturers, agents, shareholders, investors, creditors, insurers, attorneys, employees, representatives, successors, licensees, customers, and assigns, any licensors of the Products, and including specifically all defendants named in the Hilsley Federal Action or the Morris Federal Action, from the Released Claims, including all rights, actions, causes of action, suits, debts, dues, accounts, liabilities, obligations, fees, costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, judgments, extensions, executions, claims, and demands whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been or could have been asserted, by or on behalf of Plaintiffs or the Class Members for injunctive relief, including, without limitation, any claims for injunctive relief, whether individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in any court, tribunal, or proceeding, arising under federal statutory or common law, state statutory or common law, local statutory or common law, or any law, rule or regulation, including the law of any jurisdiction outside the United States, that relate to any labeling or other claim that was, or could have been, alleged in the Action to be false, misleading, or non-compliant with federal or state laws or regulations concerning the presence or absence of malic acid, or that relate to claims arising out of allegations of false or misleading advertising of the Products provided any such claim(s) involves an identical factual predicate to claims asserted in the

- 9 -

Litigation and seek injunctive relief. This release expressly does not extend to claims for damages or personal injury regarding the Products.

## 8.    CLASS CERTIFICATION

8.1.    The Parties agree that, for settlement purposes only, this Litigation shall be certified as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2), with Plaintiffs as the Class representatives and Plaintiffs' counsel as Class Counsel.

8.2    In the event the Agreement is terminated or for any reason the Agreement and/or settlement described therein is not effectuated, the certification of the Class shall be vacated, and litigation shall proceed as if the Class had not been certified. General Mills' conditional consent herein to certification of the Class shall not be used against General Mills by any Party or non-party for any purpose in this Litigation or any other litigation, lawsuit, or proceeding of any kind whatsoever.

## 9.    CLASS SETTLEMENT PROCEDURES

9.1    Plaintiffs shall file an application for preliminary approval of the Settlement by September 13, 2021, regardless of the date of the final signature below.

9.2    For purposes of this Settlement, General Mills shall not oppose Plaintiffs' assertion, in papers filed in furtherance of this Agreement, that the Class satisfies each of the elements required under Federal Rule of Civil Procedure 23(a) and 23(b)(2): that the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; the representative parties will fairly and adequately protect the interests of the class; and that the party opposing the class has acted or refused to act on grounds that apply generally to the class.

9.3    **Preliminary Approval**. As soon as practicable after the signing of this Agreement, and no later than September 13, 2021, the Parties shall move for settlement approval as follows:

9.3.a    Promptly after execution of this Agreement, the Parties will submit the Agreement together with its exhibits to the Court and will request that the Court grant preliminary approval of the Settlement, as of the date of which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715; issue the Preliminary Approval Order; and schedule a hearing on whether the Settlement should be granted final approval and whether Class Counsel's application for fee award and expenses, and for an incentive award to the Representative Plaintiff should be granted ("Final Approval Hearing"). The Parties shall request the Court schedule the Plaintiffs' application for attorneys' fees and incentive award to Named Plaintiffs to be filed no later than fourteen (14) calendar days prior to the Objection Deadline, or earlier, if the Court deems it necessary.

9.3.b    General Mills shall cooperate in good faith in Plaintiffs' preparation of the motion for preliminary approval of the Settlement. General Mills has provided Class Counsel with information about Product sales, product packaging and promotional materials as they considered reasonably necessary to obtain preliminary and Final Approval of the Settlement.

- 10 -

9.3.c   General Mills may file a supplement or addendum to the motion for Preliminary Approval that introduces evidence, including expert reports, as to the value of Plaintiffs' claims.

9.4   **Final Approval Order and Judgment**. Prior to the hearing on Final Approval, Plaintiffs shall file a motion for Final Approval of class action settlement asking the Court to grant Final Approval of this Settlement; hold this Agreement to be final, fair, reasonable, adequate, and binding on all Class Members; ordering that the Settlement relief be provided as set forth in this Agreement; ordering the releases as set forth in Section 7; and entering judgment in this case. General Mills may, but is under no obligation to, make separate filings in support of the motion. General Mills shall appear at the hearing to confirm its agreement with the terms of the Settlement as provided herein.

9.5   The Notice shall advise prospective Class Members of their rights to object to this Settlement individually or through counsel, and, if they object, to appear at the Final Approval hearing.

9.6   **Objections.** If any Class Member wishes to object to the Settlement, the Class Member must submit a written objection to the Notice Administrator. The written objection may be submitted by mail, express mail, electronic transmission, or personal delivery, but to be timely, it must be delivered to the Notice Administrator (not just postmarked or sent) prior the Objection Deadline.

9.6.a   Each objection must include: (i) the case name and number: *Hilsley v. General Mills, Inc.*, No. 3:18-cv-00395-L-BLM; (ii) the name, address and telephone number of the objector; (iii) the name, address, and telephone number of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and legal and factual support for the right to such compensation; (iv) documents or testimony sufficient to establish membership in the Settlement Class; (v) a detailed statement of any objection asserted, including the grounds therefor; (vi) whether the objector is, and any reasons for, requesting the opportunity to appear and be heard at the final approval hearing; (vii) the identity of all counsel (if any) representing the objector who will appear at the final approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection; (viii) copies of any papers, briefs, or other documents upon which the objection is based; (ix) a detailed list of any other objections submitted by the Class Member, or his/her counsel, to any class litigations submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (x) the objector's signature, in addition to the signature of the objector's attorney (if any). Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection. Failure to include any of the information or documentation set forth in this paragraph also shall be grounds for overruling an objection.

9.6.b   Immediately upon receipt of any objection, the Notice Administrator shall forward the objection and all supporting documentation to counsel for the Parties. Prior to

- 11 -

the hearing on Final Approval, Class Counsel shall file all such objections and supporting documentation with the Court.

        9.6.c    Both Parties are responsible for responding to any objectors. If they so choose, Class Counsel and/or General Mills may respond to objectors by filing opposition on such date as set forth in the Preliminary Approval order, or any subsequent Court order(s) modifying the briefing schedule for the Final Approval hearing. The Party responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, in the Party's discretion, to the objector (or counsel for the objector), Class Counsel and Defense Counsel.

        9.7    **Effect if Settlement Not Approved or Agreement is Terminated**. This Agreement was entered into only for purposes of settlement. In the event that Preliminary or Final Approval of this Settlement and this Agreement does not occur for any reason, or if Final Approval is reversed on appeal, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Litigation, or in any other proceeding, and the Litigation shall continue as if the Settlement had not occurred. The Parties agree that all drafts, discussions, negotiations, documentation or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any Person other than the Parties' counsel, and only for purposes of the Litigation.

## 10.    ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD

        10.1    This Agreement does not provide for an attorneys' fees and costs award, nor does it provide for a plaintiffs' incentive award. Rather, Plaintiffs may petition the Court for reasonable attorneys' fees and costs at the appropriate time. However, that request, inclusive of attorneys' fees, costs, and incentive awards to named Class Representatives, and all expenses, shall not exceed $600,000. General Mills reserves all rights to oppose any petitions for such fees, costs, and incentive awards.

        10.2    Upon appropriate Court order so providing, all attorneys' fees and costs awarded to Class Counsel, and the incentive award to the Class Representatives, shall be paid by General Mills to Class Counsel within thirty (30) days of the date of the Court's Final Approval order, notwithstanding the existence of any timely filed objections thereto, or appeal (actual or potential) therefrom, or collateral attack on the Settlement or any part thereof. Any such payment will be subject to Class Counsel's obligation to make appropriate refunds or repayments if, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the award is lowered, or the Settlement is disapproved, by a final order not subject to further review.

        10.3    Should the Court grant an award of attorneys' fees, costs, and incentive awards to Class Representatives, and all expenses that, when aggregated, is less than $600,000, General Mills shall pay the difference between the sum of the attorneys' fees, costs, and incentive awards to class members, and all expenses and $600,000 to a *cy pres* organization that is acceptable to the Parties and approved by the Court. Plaintiffs shall propose a *cy pres* organization in its motion for final approval. General Mills reserves all rights to propose an alternative *cy pres* beneficiary and/or

contest that proposed by Plaintiffs.

    10.4    General Mills shall bear its own attorneys' fees and costs.

## 11.    <u>CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION</u>

    11.1    The Effective Date of this Agreement shall be the date the Judgment has become Final, as defined in Section 2.13.

    11.2    If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of the date the Motion for Preliminary Approval was filed. In such event, except with respect to the Notice Administrator's fees, costs and expenses as provided in Section 9 herein, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

    11.3    No order of the Court or modification or reversal on appeal of any order of the Court concerning any award of attorneys' fees, expenses, or costs to Class Counsel, or incentive award to the Class Representative, will constitute grounds for cancellation or termination of this Agreement.

## 12.    <u>MISCELLANEOUS PROVISIONS</u>

    12.1    The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

    12.2    The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.

    12.3    The Parties agree that the consideration provided to the Class and the other terms of the Settlement were extensively negotiated at arm's length, in good faith by the Parties, and reflect a settlement that was reached voluntarily and pursuant to at least three separate all-day mediation sessions. The Litigation was filed in good faith and was not frivolous. This Agreement is entered solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.

    12.4    Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of General Mills or any other Released Person; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of General Mills or any other Released Person in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any party to this Litigation or any other Released Person

153744818.2

may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.5    All agreements made and orders entered during the course of the Litigation and the Federal Morris Litigation relating to the confidentiality of information will survive this Agreement.

12.6    Other than as specifically permitted by this Section, the Parties and their counsel agree that they shall not cause any aspect of this Litigation or the terms of this Settlement not available in the public record to be reported to the public, the media, or news reporting services, other than the notices of the settlement to be issued by the Notice Administrator appointed and retained as described in Section 9. Any statement to the public, the media, or news reporting services shall be limited to what is available in the public record. Neither Plaintiff nor General Mills shall disparage the other. Nothing in this section shall restrict a Party from disclosing the terms of this Agreement pursuant to a valid court order.

12.7    Any and all exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

12.8    This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in interest.

12.9    This Agreement and any exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. Except as otherwise provided herein, the Parties will bear their own respective costs.

12.10    Class Counsel, on behalf of the Class, is expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to this Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Class that Class Counsel deems appropriate.

12.11    The Class Representatives will not object to motions filed by General Mills seeking to continue the obligation to respond to the Complaint, or any amendments thereto, during the pendency of Settlement-related proceedings.

12.12    Class Counsel shall be entitled to reasonable confirmatory discovery consisting of, as needed, a deposition of a General Mills' representative, a declaration from a General Mills' representative describing the cost and/or value of the injunctive relief provided for in the Agreement, and disclosure to Class Counsel of sales information and labels for the Products.

12.13    Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

12.14    This Agreement may be executed in one or more counterparts. All executed

counterparts and each of them will be deemed to be one and the same instrument. A complete set of original counterparts will be filed with the Court.

12.15   This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

12.16   The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

12.17   None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its exhibits will be interpreted according to its fair meaning and will not be interpreted for or against any of the Settling Parties as the drafter thereof. Any rule that a document shall be interpreted against the drafter will not apply.

12.18   This Agreement and any exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles. Any provision of California Evidence Code §§ 1115-1128 notwithstanding, this Agreement may be enforced by any Party hereto by a motion under Code of Civil Procedure § 664.6 or by any other procedure permitted by California law. The provisions of the confidentiality agreement entered into with respect to the mediation process concerning this matter are waived solely for purposes of such enforcement.

12.19   If the Settlement is rejected by the Court, the Parties agree to negotiate in good faith including through the engagement of Judge Papas (Ret.), regarding the elimination or revision of any provisions in the Agreement that resulted in Court rejection, with the goal of reaching a formal settlement agreement that will be accepted by the Court and thereafter to immediately submit a revised settlement agreement to the Court for approval, and all other terms and conditions herein shall continue in full force and effect until approval by the Court of the revised settlement agreement. Any fees and expenses of the mediator incurred pursuant to this provision shall be shared equally between General Mills and Class Counsel. Each Party shall bear its own attorneys' fees and costs of such renegotiation.

12.20   All notices to the Parties or counsel required by this Agreement, shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiffs or Plaintiffs' Counsel:

David Elliot
The Elliot Law Firm
3200 Fourth Avenue
Suite 207
San Diego, CA 92103
Telephone:  619.468.4865
Email:  Elliot.david@hotmail.com

Ronald A. Marron

153744818.2

Michael T. Houchin
Lilach Halperin
LAW OFFICES OF RONALD A. MARRON, APLC
651 Arroyo Drive
San Diego, CA  92103
Telephone:  619.696.9006
Facsimile:  619.564.6665
Email:  ron@consumersadvocates.com, mike@consumersadvocates.com, lilach@consumersadvocates.com

If to Defendant or Defendant's Counsel:

David T. Biderman
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399
Email:  DBiderman@perkinscoie.com

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by themselves, approved as to form and content by their respective attorneys.

153744818.2

DATED: <u>Sep 9, 2021</u>, 2021

_____
<u>Crystal Hilsley (Sep 9, 2021 13:19 CDT)</u>
Crystal Hilsley
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
Adrienne Morris
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
Nikki Cook
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
David Christensen
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
On behalf of General Mills, Inc. and General Mills Sales, Inc.

- 17 -

DATED: _____, 2021

_____
Crystal Hilsley
On behalf of Plaintiffs and the Class

DATED: Sep 9, 2021 _____, 2021

*Adrienne Morris*
Adrienne Morris (Sep 9, 2021 11:38 PDT)
_____
Adrienne Morris
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
Nikki Cook
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
David Christensen
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
On behalf of General Mills, Inc. and General Mills Sales, Inc.

153744818.2

DATED: _____, 2021

_____
Crystal Hilsley
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
Adrienne Morris
On behalf of Plaintiffs and the Class

DATED: Sep 9, 2021 _____, 2021

_____
Nikki Renee Cook (Sep 9, 2021 09:26 PDT)
Nikki Cook
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
David Christensen
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
On behalf of General Mills, Inc. and General
Mills Sales, Inc.

- 17 -

DATED: _____, 2021


_____
Crystal Hilsley
On behalf of Plaintiffs and the Class


DATED: _____, 2021


_____
Adrienne Morris
On behalf of Plaintiffs and the Class


DATED: _____, 2021


_____
Nikki Cook
On behalf of Plaintiffs and the Class


DATED: Sep 9, 2021 _____, 2021


_____
David Christensen (Sep 9, 2021 11:27 CDT)
David Christensen
On behalf of Plaintiffs and the Class


DATED: _____, 2021


_____
On behalf of General Mills, Inc. and General
Mills Sales, Inc.

- 17 -

DATED: _____, 2021

_____
Crystal Hilsley
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
Adrienne Morris
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
Nikki Cook
On behalf of Plaintiffs and the Class

DATED: _____, 2021

_____
David Christensen
On behalf of Plaintiffs and the Class

DATED: 9/9/2021 _____, 2021

DocuSigned by:

*Emily Thomas*
82DG3935E4334B3...
_____

On behalf of General Mills, Inc. and General
Mills Sales, Inc.

- 17 -

APPROVED AS TO FORM AND
CONTENT:


DATED:  ___Sept. 10___, 2021

LAW OFFICES OF RONALD A. MARRON,
APLC

By: _____
   Ronald A. Marron
   Counsel for Plaintiff and the Class


DATED:  _____, 2021

PERKINS COIE LLP

By: _____
   David T. Biderman
   Counsel for Defendants

153744818.2

APPROVED AS TO FORM AND
CONTENT:


DATED: _____, 2021          LAW OFFICES OF RONALD A. MARRON,
                                 APLC


                                 By: _____
                                     Ronald A. Marron
                                     Counsel for Plaintiff and the Class



DATED: __Sept. 10__, 2021        PERKINS COIE LLP


                                 By: _____
                                     David T. Biderman
                                     Counsel for Defendants

# EXHIBIT A

## EXHIBIT A—PRODUCT LIST

*Covered products include the products listed below and all substantially similar fruit flavored snacks products, including but not limited to varying sizes, seasonal iterations, licensed characters, or other similar variations of such products.*

**Gushers**

Super Sour - Crabby Apple, Grumpy Grape, Scary Cherry

[16000-14689]

[16000-14731]

[16000-41719]

Variety Pack – Tropical Flavors, Strawberry Splash

[16000-14709]

[16000-14707]

[16000-15910]

[16000-13856]

[16000-14733]

[16000-14698]

[16000-14734]

Tropical Flavors

[16000-24070]

[16000-48586]

[16000-14732]

Mood Morphers

[16000-48819]

Flavor Mixers

[16000-14718]

[16000-15835]

- 19 -

[16000-49727]

Strawberry Splash

[16000-14713]

[16000-49120]

[16000-15605]

Mouth Mixers

[16000-40508]

[16000-14712]

Variety Pack – Gushers, Fruit by the Foot, Fruit Roll-Ups, Fruit Flavored Snacks

[16000-44561]

[16000-17067]

[16000-14711]

[16000-14705]

Sweet & Fiery

[16000-14224]

[16000-14364]

[16000-14715]

[16000-14717]

Gushers & Fruit by the Foot King Size Variety Pack

[16000-15246]


**Fruit by the Foot**

Flavor Mixers

[16000-41025]

Berry Tie-Dye

- 20 -

[16000-27700]

Strawberry

    [16000-49300]

Color by the Foot

    [16000-38500]

Variety Pack

    [16000-19430]

    [16000-49615]

    [16000-41909]

    [16000-16710]

    [16000-46817]

    [16000-14879]

    [16000-15686]

Sweet & Fiery

    [16000-14225]

    [16000-14374]

Valentine Mini

    [16000-40196]

King Size Roll

    [16000-16158]

**<u>Fruit Roll Ups</u>**

Mini Rolls Strawberry Craze

    [16000-17313]

Strawberry Sensation

- 21 -

[16000-48587]

[16000-35540]

[16000-39840]

Blastin Berry Hot Colors

[16000-35510]

[.5 oz No UPC on Label]

Tropical Tie-Dye

[16000-39700]

Flavor Mixers – Strawberry, Lemonade, Tropical

[16000-45472]

Carnival – Cotton Candy, Caramel Apple, Berry Lemonade, Cherry Slushie

[16000-46386]

Fruit Roll Ups Carton

[16000-49582]

Variety Pack

[16000-18910]

[16000-12709]

Fruit Roll-Ups Variety Pack Unicorn

[16000-18910]

Fruit Roll Ups - Jolly Rancher

[16000-15243]

[16000-15242]

Fruit Roll-Ups Crazy Colors (.5 oz)

[No UPC on Label]

- 22 -

DocuSign Envelope ID: 7456B03C-D76A-4F48-B838-71790937904F

**Equities/Characters Fruit Flavored Snacks**

DC Superhero Girls

        [16000-49152]

Star Wars

        [16000-46387]

        [16000-46443]

Scooby Doo

        [16000-14571]

        [16000-48696]

        [16000-14916]

        [16000-48534]

        [16000-42419]

        [16000-11510]

Dora and Friends

        [16000-42413]

Hello Kitty

        [16000-43093]

The Secret Life of Pets

        [16000-47693]

Pokémon

        [16000-49298]

        [16000-49535]

Ninja Turtles

        [16000-45159]

        [16000-45202]

153744818.2

Thomas the Train

[16000-42225]

Trolls

[16000-47695]

[16000-14271]

Teen Titans

[16000-36375]

Hotel Transylvania

[16000-36482]

SpongeBob

[16000-42414]

Shimmer and Shine

[16000-36351]

Shark Bites

[16000-42417]

Disney

[16000-15482]

Minions

[16000-16063]

[16000-16062]

Disney Star Wars

[16000-46387]

Disney Toy Story

[16000-15228]

[16000-15394]

DocuSign Envelope ID: 7456B03C-D76A-4F48-B838-71790937904E

Disney Frozen

[16000-15227]

[16000-15229]

[16000-15482]

Jurassic World

[16000-16064]

**Sunkist Fruit Flavored Snacks**

Mixed Fruit

[16000-49433]

[16000-42351]

[16000-42416]

**Fiber One Fruit Flavored Snacks**

Fiber One Mixed Berry Fruit Flavored Snacks

[16000-41417]

Fiber One Assorted Fruits

[16000-41416]

[16000-41415]

[16000-48496]

**Motts Fruit Flavored Snacks**

Medley's Strawberry Apple

[16000-45667]

Halloween Assorted Fruit

153744818.2

[16000-47588]

Fruity Rolls

[16000-45011]

Assorted Fruit

[16000-47727]

[16000-44262]

[16000-49432]

[16000-48764]

[16000-43164]

[16000-15393]

[16000-16209]

[16000-28544]

[16000-14515]

[16000-47954]

Assorted Fruit Berry Fruit

[16000-49434]

[16000-14366]

Tropical Fruit

[16000-14243]

[16000-36464]

[16000-11495]

[16000-11495]

Berry Fruit

[16000-44261]

Mixed Berry

[16000-47953]

# EXHIBIT B

United States District Court for the Southern District of California

# If You Purchased General Mills Fruit Snacks Products Between January 1, 2012 and [Date of Class Certification], Your Rights May Be Affected By A Class Action Settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A proposed class action settlement has been reached in a lawsuit claiming that the labeling and marketing of General Mills Fruit Snacks Products was false or deceptive regarding the use of malic acid.

- General Mills, Inc. and General Mills Sales, Inc. (the "Defendants") stand by their advertising and deny any wrongdoing but are settling the claims in this lawsuit.

- You are included if you purchased any of the following General Mills Fruit Snacks Products between January 1, 2012 and [Date of Class Certification]:

  - All varieties of Gushers;

  - All varieties of Fruit by the Foot;

  - All varieties of Betty Crocker fruit snacks, such as DC Superhero Girls, Star Wars, Scooby Doo, Dora and Friends, Hello Kitty, The Secret Life of Pets, Pokémon, Ninja Turtles, Thomas the Train, Trolls, Teen Titans, Hotel Transylvania, SpongeBob, Shimmer and Shine, Shark Bites, Disney, Minions, Disney Star Wars, Disney Toy Story, Disney Frozen, Jurassic World;

  - Sunkist brand Fruit Flavored Snacks;

  - Fiber One brand Fruit Flavored Snacks; and

  - Mott's brand Fruit Flavored Snacks.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| | |
|---|---|
| **Do Nothing** | If you do nothing, you automatically receive the injunctive relief benefits described in this Notice. You also give up your right to sue for injunctive relief claims related to the Settlement. You will not give up your right to sue for damages or personal injury claims. |
| **Object or Comment** | You can stay in the Settlement but object to any part it in writing by **Month 00, 2021**. You must write to the Court about why you do, or do not, like the Settlement. |

**Questions? Call 877-852-8873 or visit www.fruitsnackssettlement.com**

149433984.2

## <u>WHAT THIS NOTICE CONTAINS</u>

1.  Why Did I Get this Notice? ..................................................................................3

2.  What is a Class Action and Who is Involved? .....................................................3

3.  What is this Lawsuit About? ................................................................................3

4.  What Benefits does the Settlement provide? ......................................................3

5.  Am I Included in the Settlement? ........................................................................4

6.  Can I Exclude Myself from the Settlement? ........................................................6

7.  Can I Object to the Settlement? ..........................................................................6

8.  Can I Appear or Speak in this Lawsuit and Proposed Settlement?.....................7

9.  How Can I Appear in this Lawsuit? .....................................................................7

10. What if I do Nothing? ..........................................................................................7

11. Do I have a lawyer in this case? .........................................................................8

12. How will Class Counsel be Paid? ........................................................................8

13. When will the Court Hold a Hearing to Consider the Settlement?......................8

14. What is the Effect of Final Settlement Approval? ...............................................8

15. How Can I Obtain More Information? ...................................................................8

16. Please do not contact the court or clerk's office  regarding this notice. .............9

2

149433984.2

**1.    Why Did I Get this Notice?**

If you purchased one or more General Mills Fruit Snacks Products between January 1, 2012 and [Date of Class Certification], as described on page 1 of this Notice, you have a right to know about a proposed settlement ("Settlement") in this class action lawsuit and your options in relation thereto, before the Court decides whether to give its final approval of the settlement.

This Notice explains the lawsuit, the Settlement, your legal rights, and what benefits are available. The Court overseeing the case is the United States District Court for the Southern District of California, and the case is known as *Crystal Hilsley, Adrienne Morris, Nikki Cook, and David Christensen v. General Mills, Inc. and General Mills Sales, Inc.*, Case No. 3:18-cv-00395-L-BLM. Crystal Hilsley, Adrienne Morris, Nikki Cook and David Christensen, the people who sued, are called the Plaintiffs and the companies they sued, General Mills, Inc. and General Mills Sales, Inc., are called the Defendants.

**2.    What is a Class Action and Who is Involved?**

In a class action, one or more people, called a Class Representative (in this case Crystal Hilsley, Adrienne Morris, Nikki Cook and David Christensen) represent the interests of people who have common claims that are more important than the issues that affect only individuals. All of these people are a Class or Class Members. The companies that the Plaintiffs have sued (in this case General Mills, Inc. and General Mills Sales, Inc.) are called the Defendants. One court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

**3.    What is this Lawsuit About?**

Plaintiffs brought a class action lawsuit on behalf of purchasers of General Mills Fruit Snacks Products. The case alleges that Defendants General Mills, Inc. and General Mills Sales, Inc. made false and misleading claims and breached express and implied warranties regarding the use of malic acid in General Mills Fruit Snacks Products. Defendants deny Plaintiffs' allegations and continue to stand by their products and advertising. Before a trial could resolve Plaintiffs' allegations, Plaintiffs and Defendants reached a settlement.

The full settlement agreement and court documents associated with this case can be viewed at www.fruitsnackssettlement.com, or by contacting the Notice Administrator.

**4.    What benefits does the Settlement Provide?**

Defendants will be ordered and enjoined to remove the challenged "No Artificial Flavors" claim from the packaging and promotional materials of the Products, unless such product ceases to contain the challenged malic acid ingredient.

Defendants shall implement the injunctive relief described above within a commercially reasonable time, but no later than two (2) years after the date of the Court's Final Approval Order. To allow for supply chain issues, Defendants will not be in violation of the injunction for the distribution or sale of any Products with packaging produced before the two-year period but sold after that period.

Defendants shall comply with the injunctive relief provisions for a period of two (2) years from the date by which Defendants must have completed the packaging change described above.

149433984.2

This Agreement does not provide for an attorneys' fees and costs award, nor does it provide for a plaintiffs' incentive award. Rather, Plaintiffs may petition the Court for reasonable attorneys' fees and costs at the appropriate time. However, that request, inclusive of attorneys' fees, costs, and incentive awards to named Class Representatives, and all expenses, shall not exceed $600,000. Defendants reserve all rights to oppose any petitions for such fees, costs, and incentive awards.

Should the Court grant an award of attorneys' fees, costs, and incentive awards to Class Representatives, and all expenses that, when aggregated, is less than $600,000, General Mills shall pay the difference between the sum of the attorneys' fees, costs, and incentive awards to class members, and all expenses and $600,000 to a *cy pres* organization that is acceptable to the Parties and approved by the Court. Plaintiffs shall propose a *cy pres* organization in its motion for final approval. General Mills reserves all rights to propose an alternative *cy pres* beneficiary and/or contest that proposed by Plaintiffs.

**5.  Am I Included in the Settlement?**

You are included in the Settlement if:

(1)  You live in the United States and

(2)  You purchased General Mills Fruit Snacks Products, for household or personal use and not for resale, from January 1, 2012 to [Date of Class Certification] (the "Class Period"). Products include the following:

**GUSHERS**
- Gushers Super Sour - Crabby Apple, Grumpy Grape, Scary Cherry
- Gushers Variety Pack - Tropical Flavors, Strawberry Splash
- Gushers Tropical Flavors
- Gushers Mood Morphers
- Gushers Flavor Mixers
- Gushers Strawberry Splash
- Gushers Mouth Mixers
- Gushers Sweet & Fiery
- Variety Pack - Gushers, Fruit by the Foot, Fruit Roll-Ups, Fruit Flavored Snacks
- Gushers & Fruit by the Food King Size Variety Pack

**FRUIT BY THE FOOT**
- Fruit by the Foot Flavor Mixers
- Fruit by the Foot Berry Tie-Die
- Fruit by the Foot Strawberry
- Fruit by the Foot Color by the Foot
- Fruit by the Foot Variety Pack
- Fruit by the Foot Sweet & Fiery
- Fruit by the Foot Valentine Mini
- Fruit by the Food King Size Roll

**Questions? Call 877-852-8873 or visit www.fruitsnackssettlement.com**

149433984.2

**FRUIT ROLL UPS**
- Fruit Roll Ups Mini Rolls Strawberry Craze
- Fruit Roll Ups Strawberry Sensation
- Fruit Roll Ups Blastin Berry Hot Colors
- Fruit Roll Ups Tropical Tie-Die
- Fruit Roll Ups Flavor Mixers - Strawberry, Lemonade, Tropical
- Fruit Roll Ups Carnival - Cotton Candy, Caramel Apple, Berry Lemonade, Cherry Slushie
- Fruit Roll Ups Carton
- Fruit Roll Ups Variety Pack
- Fruit Roll Ups Variety Pack Unicorn
- Fruit Roll Ups - Jolly Rancher
- Fruit Roll Ups Crazy Colors

**BETTY CROCKER FRUIT SNACKS**
- Betty Crocker Fruit Snacks DC Superhero Girls
- Betty Crocker Fruit Snacks Star Wars
- Betty Crocker Fruit Snacks Scooby Doo
- Betty Crocker Fruit Snacks Dora and Friends
- Betty Crocker Fruit Snacks Hello Kitty
- Betty Crocker Fruit Snacks The Secret Life of Pets
- Betty Crocker Fruit Snacks Pokémon
- Betty Crocker Fruit Snacks Ninja Turtles
- Betty Crocker Fruit Snacks Thomas the Train
- Betty Crocker Fruit Snacks Trolls
- Betty Crocker Fruit Snacks Teen Titans
- Betty Crocker Fruit Snacks Hotel Transylvania
- Betty Crocker Fruit Snacks SpongeBob
- Betty Crocker Fruit Snacks Shimmer and Shine
- Betty Crocker Fruit Snacks Shark Bites
- Betty Crocker Fruit Snacks Disney
- Betty Crocker Fruit Snacks Minions
- Betty Crocker Fruit Snacks Disney Star Wards
- Betty Crocker Fruit Snacks Disney Toy Story
- Betty Crocker Fruit Snacks Disney Frozen
- Betty Crocker Fruit Snacks Jurassic World

**SUNKIST FRUIT FLAVORED SNACKS**
- Sunkist Fruit Flavored Snacks Mixed Fruit

**FIBER ONE**
- Fiber One Fruit Flavored Snacks Mixed Berry
- Fiber One Fruit Flavored Snacks Assorted Fruits

**MOTT'S FRUIT FLAVORED SNACKS**
- Mott's Fruit Flavored Snacks Strawberry Apple
- Mott's Fruit Flavored Snacks Halloween Assorted Fruit
- Mott's Fruit Flavored Snacks Fruity Rolls

5

149433984.2

- Mott's Fruit Flavored Snacks Assorted Fruit
- Mott's Fruit Flavored Snacks Assorted Fruit Berry Fruit
- Mott's Fruit Flavored Snacks Tropical Fruit
- Mott's Fruit Flavored Snacks Berry Fruit
- Mott's Fruit Flavored Snacks Mixed Berry

You are not included in the Settlement if you are:

(1) Defendants and Defendants' officers, directors, employees, agents, and affiliates,
(2) counsel for any of the parties;
(3) the judge presiding over the *Hilsley* case and the Court staff; and/or

### 6. Can I Exclude myself from the Settlement?

No. Because the settlement provides for injunctive relief in the form of labeling changes, you will automatically receive the injunctive relief benefits described in this Notice. You also give up your right to sue for injunctive relief claims related to the Settlement. However, you will not give up your right to sue for damages or personal injury claims.

### 7. Can I Object to the Settlement?

Yes. If you are a Class Member, you or an attorney on your behalf may object to the Settlement. Such objection must be in writing and submitted to the Notice Administrator at the following address:

Hilsley v. General Mills Settlement
P.O. Box 812
Warminster, PA 18974-0812

**The objection must be delivered (not just postmarked or sent by) no later than [date].**

You must include the following in your objection:

(1)   Caption or title that identifies it as "Objection to Class Settlement in *Hilsley v. General Mills, Inc.*, Case No. 3:18-cv-00395-L-BLM"

(2)   Your name, address and telephone number;

(3)   the name, address, and telephone number of all counsel (if any) who represent you, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and legal and factual support for the right to such compensation;

(4)   documents or testimony sufficient to establish membership in the Settlement Class

(5)   a detailed statement of any objection asserted, including the grounds therefor;

(6)   whether you are, and any reasons for, requesting the opportunity to appear and be heard at the final approval hearing;

(7)   the identity of all counsel (if any) representing you who will appear at the final approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection;

6

**Questions? Call 877-852-8873 or visit www.fruitsnackssettlement.com**

(8)     copies of any papers, briefs, or other documents upon which the objection is based;

(9)     a detailed list of any other objections submitted by you, or your counsel, to any class litigations submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made)

(10)    your signature, in addition to the signature of the objector's attorney (if any)

## 8.   Can I Appear or Speak in this Lawsuit and Proposed Settlement?

Yes, you can appear or speak at the hearing but are not required to. This is called making an appearance.

You can also have your own lawyer appear in court and speak for you, but you must pay for the lawyer yourself.

## 9.   How Can I Appear in this Lawsuit?

If you want yourself or your own lawyer (instead of Class Counsel) to participate or speak for you in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance."

The Notice of Appearance must contain the title of the lawsuit, a statement that you wish to appear at the Fairness Hearing, and the signature of you or your lawyer. Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement. If you submit an objection and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information. Your Notice of Appearance must be signed, mailed and **postmarked by [Date]**, to the Court at:

**Clerk of Court**
U.S. District Court Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101
Telephone: 619-557-5600

Copies of your Notice of Appearance must also be mailed to counsel for the Plaintiff and the Defendant at the addresses listed below:

| **For the Class**: | **For Defendants General Mills, Inc. and General Mills Sales, Inc.:** |
|---|---|
| Ronald A. Marron | Charles C. Sipos |
| Law Offices of Ronald Marron, APLC | Perkins Coie LLP |
| 651 Arroyo Drive | 201 Third Avenue, Suite 4900 |
| San Diego, CA 92103 | Seattle, Washington 98101 |
| Telephone: (619) 696-9006 | Telephone: (206) 359-8000 |

## 10.  What if I do Nothing?

If you do nothing, and the court approves the settlement, you will no longer have the ability to sue for injunctive relief with respect to your purchase of General Mills Fruit Snacks Products during the class period, and your claims during the class period will be released and dismissed. However, you will not

**Questions? Call 877-852-8873 or visit www.fruitsnackssettlement.com**

give up your right to sue for damages or personal injury claims.

### 11. Do I have a lawyer in this case?

Yes. The Court appointed the Law Offices of Ronald A. Marron, APLC and the Law Office of David Elliot, PC ("Class Counsel") to represent you. You have the right to hire your own lawyer, at your own expense, but you do not need to. Class Counsel will represent all Class Members in this lawsuit who do not object or retain their own lawyer.

### 12. How will Class Counsel be Paid?

The Settlement Agreement does not provide for an attorneys' fees and costs award, nor does it provide for a plaintiffs' incentive award. Rather, Plaintiffs may petition the Court for reasonable attorneys' fees and costs at the appropriate time. However, that request, inclusive of attorneys' fees, costs, and incentive awards to named Class Representatives, and all expenses, shall not exceed $600,000. Defendants reserve all rights to oppose any petitions for such fees, costs, and incentive awards.

Should the Court grant an award of attorneys' fees, costs, and incentive awards to Class Representatives, and all expenses that, when aggregated, is less than $600,000, General Mills shall pay the difference between the sum of the attorneys' fees, costs, and incentive awards to class members, and all expenses and $600,000 to a *cy pres* organization that is acceptable to the Parties and approved by the Court. Plaintiffs shall propose a *cy pres* organization in its motion for final approval. General Mills reserves all rights to propose an alternative *cy pres* beneficiary and/or contest that proposed by Plaintiffs.

Class Members are not responsible for paying Class Counsel.

### 13. When will the Court Hold a Hearing to Consider the Settlement?

On **[Date and Time]**, the Honorable M. James Lorenz of the United States District Court for the Southern District of California will hold a hearing (the "Fairness Hearing") in Courtroom 5B of the federal courthouse at 221 West Broadway, San Diego, California 92101. At the hearing, the Court will decide whether to approve the Settlement and will determine the amount of attorneys' fees and costs and Plaintiff's incentive award. You or your lawyer may appear at the Fairness Hearing ***but do not have to do so***.

### 14. What is the Effect of Final Settlement Approval?

If the Court grants final approval of the Settlement, all members of the Class will release and forever discharge all claims for injunctive relief that relate to any labeling or other claim that was, or could have been, alleged in the Action to be false, misleading, or non-compliant with federal or state laws or regulations concerning the presence or absence of malic acid, or that relate to claims arising out of allegations of false or misleading advertising of the Products provided any such claim(s) involves an identical factual predicate to claims asserted in the Litigation and seek injunctive relief. This release expressly does not extend to claims for damages or personal injury regarding the Products.

If the Court does not approve the Settlement, the case will proceed as if no settlement had been attempted. If the Settlement is not approved and litigation resumes, there can be no assurance that

8

**Questions? Call 877-852-8873 or visit www.fruitsnackssettlement.com**

149433984.2

the Class will recover more than is provided for under the Settlement, or anything at all. In other words, there is no guarantee of success if litigation proceeds.

### 15. How Can I Obtain More Information?

This notice summarizes the proposed settlement. For more detailed information about the Settlement, including the Settlement Agreement and other court documents you can:

- Visit **www.fruitsnackssettlement.com.**
- Write to the Notice Administrator at

  **Hilsley v. General Mills Settlement**
  **P.O. Box 812**
  **Warminster, PA 18974-0812**

- Call toll free **877-852-8873.**

**Please do not contact the Court or Clerk's Office regarding this notice.**

9

149433984.2

# EXHIBIT C

# If You Purchased General Mills Fruit Snacks Products Between January 1, 2012 and [Date of Class Certification], Your Rights May Be Affected By A Class Action Settlement.

A proposed class action settlement has been reached in a lawsuit claiming that labeling and marketing of General Mills Fruit Snacks Products was false or deceptive.  General Mills stands by its advertising and denies any wrongdoing but is settling the claims in this lawsuit.

**ARE YOU INCLUDED?**

You are included if you purchased any of the following General Mills Fruit Snacks Products between January 1, 2012 and **[DATE of Class Certification]:**

- Fruit by the Foot; all varieties of Betty Crocker fruit snacks, such as DC Superhero Girls, Star Wars, Scooby Doo, Dora and Friends, Hello Kitty, The Secret Life of Pets, Pokémon, Ninja Turtles, Thomas the Train, Trolls, Teen Titans, Hotel Transylvania, SpongeBob, Shimmer and Shine, Shark Bites, Disney, Minions, Disney Star Wars, Disney Toy Story, Disney Frozen, Jurassic World; Sunkist brand Fruit Flavored Snacks; Fiber One brand Fruit Flavored Snacks; and Mott's brand Fruit Flavored Snacks.

**WHAT DOES THIS SETTLEMENT PROVIDE?**

Defendants will be ordered and enjoined to remove the challenged "No Artificial Flavors" claim from the packaging and promotional materials of the Products, unless such product ceases to contain the challenged malic acid ingredient.

Defendants shall implement the injunctive relief described above within a commercially reasonable time, but no later than two (2) years after the date of the Court's Final Approval Order. To allow for supply chain issues, Defendants will not be in violation of the injunction for the distribution or sale of any Products with packaging produced before the two-year period but sold after that period.

Defendants shall comply with the injunctive relief provisions for a period of two (2) years from the date by which Defendants must have completed the packaging change described above.

**WHAT ARE YOUR OPTIONS?**

- **DO NOTHING -** If you do nothing, you automatically receive the injunctive relief benefits described in this Notice. You also give up your right to sue for injunctive relief claims related to the Settlement. You will not give up your right to sue for damages or personal injury claims.

- **OBJECT -** You can stay in the Settlement but object to any part it in writing by **Month 00, 2021**. You must write to the Court about why you do, or do not, like the Settlement.

The Court will hold a hearing in this case on **Month 00, 2021** at **[TIME]** at the federal courthouse located at 221 West Broadway, Courtroom 5B, San Diego, CA 92101, to consider final approval of the Settlement; payment of attorneys' fees of up to $600,000 inclusive of costs, an incentive awards of up to $5,000 for the Class Representatives in the lawsuit; and related issues.  The motion(s) by Class Counsel for attorneys' fees and costs and an incentive award for the Class Representative will be available for viewing on the settlement website after they are filed.  You may appear at the hearing in person or through your attorney at your own cost, but you are not required to do so.

***This is only a summary***.  For more information about the Settlement, including a Detailed Notice, visit **www.fruitsnackssettlement.com,** call toll-free **877-852-8873**, or write to **Hilsley v. General Mills Settlement, P.O. Box 812, Warminster, PA 18974-0812**

## www.fruitsnackssettlement.com    877-852-8873